LAWRENCE F. HOGAN, Appellant, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

**New York city — salaries of employees in department of education — when power to fix vested in board of aldermen.**

The power to fix the salary of a statistician in the employ of the department of education in the city of New York is not conferred on the board of education but rests exclusively with the board of aldermen. (*Gunnison* v. *Board of Education of N. Y.*, 176 N. Y. 11, distinguished.) *Hogan* v. *Board of Education*, 137 App. Div. 255, affirmed.

(Argued December 15, 1910; decided January 10, 1911.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 11, 1910, which affirmed a determination of the Appellate Term reversing an interlocutory judgment of the Municipal Court of the city of New York overruling a demurrer to the complaint and sustaining such demurrer.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John E. O'Brien* and *W. Smith O'Brien* for appellant. Under the charter of 1901 the board of education has exclusive control of all matters of public education in the city of New York, including the power to fix the salaries of all its employees. (L. 1901, ch. 466, §§ 1055, 1057, 1058, 1060–1069, 1071, 1087, 1092; *Gunnison* v. *Bd. of Education*, 176 N. Y. 11; *F. & D. Co.* v. *City of New York*, 108 App. Div. 263; *U. E. L. & P. Co.* v. *Bd. of Education*, N. Y. L. J., May 18, 1909.) Section 56 of the charter has application only to officers and employees of the city of New York. (*Whitmore* v. *Mayor, etc.*, 67 N. Y. 21; *Taylor* v. *Mayor, etc.*, 67 N. Y. 88; *People ex rel. Allen* v. *Metz*, 61 Misc. Rep. 363.)

*Archibald R. Watson, Corporation Counsel* (*Theodore Connoly* and *Charles McIntyre* of counsel), for respondent. The board of education had no power to increase the plaintiff's salary and for that reason the complaint was demurrable. (L. 1901, ch. 466, § 56; *Munch* v. *City of New York*, 47 Misc. Rep. 128; *O'Connor* v. *City of New York*, 48 Misc. Rep. 407; *Haswell* v. *Mayor, etc.*, 81 N. Y. 255; *Parr* v. *Vil. of Greenbush*, 72 N. Y. 463; *Smith* v. *City of Newburgh*, 77 N. Y. 130; *Keane* v. *City of New York*, 88 App. Div. 542; *Matter of Niland*, 193 N. Y. 180; *McDonald* v. *Mayor, etc.*, 68 N. Y. 23; *Kramrath* v. *City of Albany*, 127 N. Y. 575; *People ex rel. Lyon Co.* v. *McDonough*, 173 N. Y. 181.)

HISCOCK, J.   Appellant has brought this action to recover compensation claimed to be due to him as a statistician in the employment of the department of education in the city of New York. As the complaint alleges, the claim for compensation is based on a resolution of the board of education increasing appellant's salary, and the question raised by the demurrer and involved on the appeal is whether said board had the power to raise and thus fix the appellant's compensation, or whether this power rested exclusively with the board of aldermen of said city.

The latter is manifestly the case, and this seems to be made so clear by the provisions of the charter and by the opinion of Judge MILLER at the Appellate Division, that it would be regarded as unnecessary to say anything further except for the fact that there has been more or less controversy on various branches of this subject, and, therefore, it is deemed wise that this court should briefly express its opinion.

Section 1091 of the present charter of New York city (Laws of 1901, chap. 466), and which is found amongst the sections relating to the powers and duties of the board of education, provides that "The board of education shall have power to adopt by-laws fixing the salaries of all members of the supervising and the teaching staff," and then follow many

and explicit provisions limiting and regulating the exercise of this power.

While the nature of the duties performed by the appellant are not set forth with any fullness in the complaint, it is conceded that he is not a member of the supervising or teaching staff.

This section thus defined a limited class of people in the department of education whose salaries may be fixed by the board of education. Section 56 of said charter then in a perfectly logical and systematic manner supplements this provision so far as this department is concerned by providing that "It shall be the duty of the board of aldermen, upon the recommendation of the board of estimate and apportionment, to fix the salary of every officer or person whose compensation is paid out of the city treasury other than day laborers, and teachers, examiners and members of the supervising staff of the department of education." It is argued by the appellant that this section has application only to "officers and employees of the city of New York," and does not relate to employees of the board of education, but this argument is obviously unsound from the fact that it does expressly mention and take cognizance of teachers who would be in the employ of that department.

If anything were needed to make this perfectly plain language of the present sections plainer, such additional help would be found in a comparison of the sections of the preceding charter of the city of New York (Chap. 378 of the Laws of 1897) with the present ones. In the former act sections 56, 1069 and 1091 fill the place of the provisions of the present charter which have been referred to and of section 1067 as governing this subject of salaries. Such being the case, section 1069 of the former charter provided that "The said board (of education) shall fix and regulate within the proper appropriation the salaries or compensation of the secretary of said board; * * * of members of the board of examiners, and of any other officers, clerks or subordinates, and it may fill any vacancies in such offices or posi-

tions," and section 56 contained no exception of " teachers, examiners and members of the supervising staff of the department of education " from those whose salaries were to be fixed by the municipal assembly, thus leaving an apparent conflict between the two sections.   It seems clear that by the ·changes made in the present provisions, the legislature intended to remove any possible uncertainty on this subject, and while securing to the department of education the unquestioned right to fix the compensation of certain of its employees, to confer with equal clearness upon the board of aldermen the general power to fix the compensation of those not included in the specified exceptions.

The appellant attempts to build up an argument in favor of his views on the case of *Gunnison* v. *Board of Education of N. Y.* (176 N. Y. 11), but this case will not bear any such burden as he desires to place upon it.   Doubtless there are isolated quotations from the charter as it was then assumed to be and expressions of opinion by the learned judge writing the opinion which construed by themselves might inferentially support the position of the present appellant, but, as is well understood, this is not the proper method by which to determine the scope of a decision.   The opinion must be interpreted as a whole and whatever was said must be tested by reference to the actual question then before the court.   When we do this we see that the question presented to the court in that case was whether a suit by a teacher for his salary should be brought against the board of education as a defendant or against the city under the provisions of the charter.   By means of a general discussion of the provisions of the charter constituting the board of education and prescribing its powers and duties the conclusion was reached that such a suit should be brought against it and not against the city.   This was the only question involved and decided in the case and by no permissible process of reasoning can that decision be made to decide the question now before us as appellant desires to have it decided.

The judgment appealed from should be affirmed, with costs.

CULLEN, Ch. J., GRAY, WERNER, WILLARD BARTLETT, CHASE and COLLIN, JJ., concur.

Judgment affirmed.