In the Matter of the Application of Johanna A. Dobrovolny, Respondent, *v.* William A. Prendergast, as Comptroller of the City of New York, Appellant.

New York (city of) — while board of education has power to fix salaries of members of supervising and teaching staff, the budget for the salaries of all other employees of the department of education must be fixed by board of estimate and apportionment, to be expended as directed by board of aldermen — when comptroller justified in refusing to pay salary.

The board of education of the city of New York has power to adopt by-laws fixing the salaries of all members of the supervising and teaching staff. (New York Charter, L. 1901, ch. 466, § 1091.) But the power to fix the salary of a typewriting copyist in the employ of the department of education rests with the board of aldermen (Charter, § 56), and that board and the board of estimate and apportionment may prescribe reasonable terms and conditions on which the amounts provided by the budget authorized by that section can be expended. Where a resolution was passed by the board of estimate and apportionment and adopted by the board of aldermen in connection with an appropriation and budget to the effect that certain vacancies in any department should be filled only upon certificate made on behalf of the board, setting out certain matters as therein required, the money appropriated for paying the salary of a copyist appointed without such certificate is subject

to the terms and conditions of such resolution; hence, the comptroller was justified in refusing to pay a typist, who was appointed to a position at an increased salary without obtaining such a certificate, the amount of such increase.

*Matter of Dobrovolny* v. *Prendergast*, 173 App. Div. 971, reversed.

(Argued October 5, 1916; decided November 21, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 26, 1916, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus.

The relator was appointed a typewriting copyist in the bureau of school buildings, department of education, city of New York, in 1913, at a salary of $600 per annum. When the budget for the year 1915 was adopted it contained an appropriation for said bureau of said department for three typewriting copyists at $600, $750 and $900 per year respectively, and the relator was then holding the position at $600 per annum. In February, 1915, a vacancy occurred in the position of typewriting copyist at $750 per annum, and the relator alleges that she was promoted by the board of education to that position. The board of education made application to the board of estimate and apportionment for a certificate authorizing it to fill such vacancy, but the application was denied, although a consent was given to filling the position at a salary of $600. It appears that the relator was paid at the rate of $750 per annum from February 10, 1915, to July 1, 1915, and thereafter at the rate of $600 per annum. A supplemental payroll was prepared by the board of education including an item for the relator amounting to the difference between $600 per annum and $750 per annum for the months of July to December, 1915, inclusive. The comptroller refused to certify and approve such payroll so far as the relator was concerned. In March, 1916, an order was obtained in this proceeding directing the defendant to certify and approve such payroll. That order has been affirmed by the Appellate

Division of the Supreme Court, and an appeal from such order of affirmance has been taken to this court. Further facts appear in the opinion.

*Lamar Hardy, Corporation Counsel (Terence Farley and Charles McIntyre of counsel), for appellant.* The board of aldermen, and not the board of education, is vested with the power, under section 56 of the charter, to fix the salaries of the employees of the board of education, which are payable out of the "special school fund." It follows, that when the relator's salary, for the year 1915, was fixed by the board of aldermen, at the sum of $600 per annum, the board of education, without the consent of the board of aldermen, was unauthorized to increase it. (*Hogan v. Bd. of Education,* 200 N. Y. 370; *Laznick v. City of New York,* 163 App. Div. 423; *People ex rel. Bacon v. Bd. of Suprs.,* 105 N. Y. 180.) The facts that the relator's salary is payable from the special school fund, appropriated by the board of estimate and the board of aldermen for the use of the department of education; and that there are sufficient unexpended moneys in that fund to pay the increase in the relator's salary, without an additional appropriation being made by the two boards in question do not justify the board of education, without the consent of the board of estimate and the board of aldermen, in increasing the relator's salary. (*People ex rel. Walters v. Prendergast,* 218 N. Y. 629.) The board of estimate was authorized to provide in the budget that none of the salaries fixed by the board of aldermen should be changed by any of the various city departments excepting when authorized by twelve votes of the board of estimate. (*People ex rel. O'Loughlin v. Bd. of Estimate,* 167 App. Div. 76; 216 N. Y. 625; *People ex rel. Kelly v. Dooley,* 169 App. Div. 423.) The terms and conditions of the budget are binding upon the board of education. (*Clarke Co. v. Board of Education,* 156 App. Div. 842; 215 N. Y. 646; 2 Abb.

on Mun. Corp. §§ 411–413; *Gunnison* v. *Bd. of Education,* 176 N. Y. 11.)

*John E. O'Brien* for respondent. The resolution attached to the budget purporting to give to the board of estimate and apportionment veto power over appointments or promotions made by the board of education is in conflict with article 10, section 2, of the Constitution, and with section 1067 of the charter, and to that extent is void. (*People ex rel. Balcom* v. *Mosher,* 163 N. Y. 32; *People ex rel. Murphy* v. *Maxwell,* 177 N. Y. 494; *Rathbone* v. *Wirth,* 150 N. Y. 459; *People ex rel. Plancon* v. *Prendergast,* 160 N. Y. Supp. 590.) The board of education is an agency of the state exercising functions of the state government independent of the city government. (*Ham* v. *Mayor, etc.,* 70 N. Y. 463; *Pymm* v. *City of New York,* 111 App. Div. 331; *Donovan* v. *Bd. of Education,* 85 N. Y. 123; *Dannat* v. *Mayor, etc.,* 6 Hun, 88; *Hutchinson* v. *Skinner,* 21 Misc. Rep. 729; *Ridenour* v. *Bd. of Education,* 15 Misc. Rep. 418; *Maxmilian* v. *Mayor, etc.,* 62 N. Y. 160.) In view of the settled policy of this state to keep the work of education and the management and control of the public schools separate and distinct from municipal interests and business, the interference of city officials in affairs of education should not be permitted any further than the statutes absolutely require. (*Gunnison* v. *Bd. of Education,* 176 N. Y. 11.)

Chase, J. The board of education has power to adopt by-laws fixing the salaries of all members of the supervising and teaching staff. (Greater New York Charter [L. 1901, ch. 466], § 1091.)

It is, however, the duty of the board of aldermen, upon recommendation of the board of estimate and apportionment, to fix the salary of every officer or person whose compensation is paid out of the city treasury other than

day laborers and *teachers, examiners, and members of the supervising staff of the department of education.* (Greater New York Charter, § 56.) The relator is not a member of the supervising or teaching staff. The board of education while a corporation is one of the administrative departments of the city. (Greater New York Charter, §§ 96, 108, 1062; *Clarke Co.* v. *Board of Education of N. Y.,* 156 App. Div. 842; affd., 215 N. Y. 646.)

The power to fix the salary of a typewriting copyist in the employ of the department of education rests with the board of aldermen. (*Hogan* v. *Board of Education, N. Y.,* 200 N. Y. 370; *People ex rel. Walters* v. *Prendergast,* 171 App. Div. 941; affd., 218 N. Y. 629; *Sauerbrunn* v. *Board of Education, N. Y.,* 150 App. Div. 407; affd. on opinion below, 208 N. Y. 550.)

Section 56, from which we have quoted, relates to employees of the board of education. (*Hogan* v. *Board of Education, N. Y., supra.*) The board of education may appoint such officers, clerks or subordinates in its administration service as it may deem necessary (Greater New York Charter, § 1067), but such power is subject to reasonable regulation and control in behalf of the city.

Section 226 of the Greater New York charter expressly provides that the budget " shall be prepared in such detail as to the titles of appropriations, the *terms and conditions, not inconsistent with law, under which the same may be expended.*"

Under that provision of the charter the board of estimate and apportionment and the board of aldermen may prescribe reasonable terms and conditions on which the amounts provided by the budget can be expended. (*People ex rel. Plancon* v. *Prendergast,* 219 N. Y. 252, handed down herewith.)

A resolution was passed by the board of estimate and apportionment and adopted by the board of aldermen in connection with the appropriation and budget of 1915 which provided:

" That this, the Budget of The City of New York, as hereby made in pursuance of section 226 of the Greater New York Charter, shall be administered under the following terms and conditions: * * *

" *Second.* That no change shall be made by any Board, or head of an Office Bureau or Department in the City or County Governments in the schedules of ' Salaries, Regular Employees;' 'Salaries, Temporary Employees;' 'Wages, Regular Employees;' 'Wages, Temporary Employees;' 'Fees and Commissions,' herein contained, except when authorized by twelve (12) votes of the Board of Estimate and Apportionment, and that no request for changes shall be considered except as follows: * * *

" (c) That vacancies occurring after January 31, 1915, in schedules supporting appropriations in this budget for ' Salaries, Regular Employees ' or ' Salaries, Temporary Employees ' shall be filled only after certificate by the duly authorized representatives of the Board of Estimate and Apportionment that the title and compensation for such vacant position conform to the standard title, work, specifications and compensation grades fixed by the Board of Estimate and Apportionment. This provision shall not apply to vacancies occurring in positions for which the title and compensation shall have previously been standardized by this Board. In making appointments to vacant positions for which standard titles and compensations have been fixed by this Board, such appointment shall be made at the lowest rate within the grade for such position, unless this requirement is specifically waived by resolution of the Board."

The money appropriated for the $750 position as a typewriting copyist was so appropriated subject to the terms and conditions stated in the resolution quoted.

We are of the opinion that the board of education is bound by the limitations on the appropriations so far as they affect the relator and that the comptroller should not be required to approve and audit the supple-

mental payroll.  (*People ex rel. Plancon* v. *Prendergast, supra.*)

The order should be reversed and the application for writ of mandamus denied, with costs in all courts.

Hiscock, Cuddeback, Hogan, Cardozo and Pound, JJ., concur; Willard Bartlett, Ch. J., absent.

Order reversed, etc.