In the Matter of the Application of DAVID HIRSHFIELD, as Commissioner of Accounts of the City of New York, Appellant, for a Warrant of Attachment against HENRY R. M. COOK, Respondent.

New York (city of) — board of education of city — division of authority and responsibility, as to public schools, between such board and state department of education — sections 96 and 108 of Greater New York charter not repealed by chapter 786 of Laws of 1917 — power of commissioner of accounts to examine accounts of board of education — when attachment will issue against witness who refused to obey a subpœna under ruling of state commissioner of education advising him so to do.

1. Although public education is a state and not a municipal function, some part of its administration may by the state be committed to a municipality and to a board of education as a department

of such municipality, and its administration will thus rest upon a specified and prescribed division of authority and responsibility between such representatives of the state and officers of the state education department representing the state.

2. Chapter 786 of the Laws of 1917 (Education Law, art. 33a; Cons. L. chap. 16) did not expressly repeal that part of section 96 of the Greater New York charter which provides that the department of education shall be an administrative department of said city; nor section 108 thereof which provides that the head of the department of education shall be called the board of education. From a consideration of the provisions of the charter that concededly have not been repealed and of the provisions of the act of 1917, some of which are herein mentioned, and of section 1618 of the charter, it cannot be held that it was the unmistakable intention of the legislature to repeal said sections so far as they relate to the board of education.

3. While the educational affairs in the city of New York are under the general management and control of the board of education, such board is subject to municipal control in matters not strictly educational or pedagogic. The city is given supervisory authority over the amount of expenditures in the city for school purposes, whenever they exceed four and nine-tenths mills on every dollar of the assessed valuation of the real and personal property in the city liable to taxation. The responsibility of determining the amount of money to be spent by the board of education over and above the prescribed amount as stated has been left to the city and not to the education department of the state or its agencies as such, and that duty on the part of the city includes the duty of ascertaining the facts upon which its responsibility should be exercised. One of the ways provided by the charter for eliciting information for use in behalf of the city is an examination to be conducted pursuant to section 119 of the charter, and in so doing the commissioner of accounts, who is charged with that duty (Charter, § 119), has full power to compel the attendance of witnesses; and where the commissioner of accounts issued a subpœna to the auditor of the board of education, requiring him to appear and testify upon an investigation of the accounts of the board of education, and the auditor, under the advice and direction of the state commissioner of education, refused to obey the subpœna, a warrant of attachment should be issued to compel his attendance.

*Matter of Hirshfield* v. *Cook*, 188 App. Div. 843, reversed.


(Argued October 1. 1919; decided December 2, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 3, 1919, which reversed an order of Special Term granting a motion for a warrant of attachment.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*William P. Burr, Corporation Counsel (John F. O'Brien, William E. C. Mayer* and *John Lehman* of counsel), for appellant. Both as an administrative department of the city and as a body empowered to expend moneys raised by taxation in the city of New York, the department of education is subject to investigation by municipal authorities with respect to such expenditures. (*Gunnison v. Bd. of Education,* 176 N. Y. 11; *Hogan v. Bd. of Education,* 200 N. Y. 370; *Smith v. Bd. of Education,* 208 N. Y. 84; *Titusville Iron Co. v. City of New York,* 207 N. Y. 203; *Clarke Co. v. Bd. of Education,* 156 App. Div. 842; 215 N. Y. 646; *Matter of Dobrovolny v. Prendergast,* 219 N. Y. 280; *People ex rel. Crammond v. Rome,* 136 N. Y. 489; *People ex rel. Conde v. Meyers,* 161 App. Div. 315; *People ex rel. Burnet v. Jackson,* 85 N. Y. 541; *Matter of Flaherty v. Craig,* 226 N. Y. 76.) The creation of the territory embraced within the city as a school district does not alter the situation. (*Pasadena School Dist. v. Pasadena,* Ann. Cas. 1915B, 1039.) The jurisdiction of the state education department in no way conflicts with the power of the municipal authorities to examine the accounts of the board of education with respect to its expenditures of moneys raised by taxation. (*People ex rel. Bd. of Education v. Finley,* 211 N. Y. 51; *People ex rel. Light v. Skinner,* 159 N. Y. 162.)

*Morton Stein* for respondent. The commissioner of accounts has no jurisdiction over the so-called subject-matter of his proposed investigation. The board of education is neither a city nor county department.

(*Matter of Foster*, 139 App. Div. 769; *Miller* v. *Tayntor*, 170 App. Div. 126; *People ex rel. Hylan* v. *Finegan*, 187 App. Div. 737; 105 Misc. Rep. 685; *McDonald* v. *Keeler*, 99 N. Y. 463; *Harriman Case*, 211 U. S. 407; *Bullock* v. *Cooley*, 225 N. Y. 566; *People ex rel. Bd. of Education* v. *Finley*, 211 N. Y. 51.)

*Frank B. Gilbert* for commissioner of education and regents of the university of the state of New York. The department of education of the city of New York is not a department of the city government; the board of education and its officers and employees are not city officers; the commissioner of accounts has no power to conduct a special examination of the accounts and methods of the department of education or any of its officers. (*Gunnison* v. *Bd. of Education*, 176 N. Y. 11; *Matter of Hertle*, 120 App. Div. 717; *Miller* v. *Tayntor*, 170 App. Div. 126; *Titusville Iron Co.* v. *City of New York*, 207 N. Y. 203; *Ackley* v. *Bd. of Education*, 174 App. Div. 44.) The power of examination and investigation of the board of education of the city of New York is vested exclusively in the education department of the state, to be exercised by the commissioner of education or by the regents of the university. (*Hutchinson* v. *Skinner*, 21 Misc. Rep. 729; *Miller* v. *Tayntor*, 170 App. Div. 126.)

CHASE, J. The appellant holds his office by appointment pursuant to section 119 of the charter of the city of New York (L. 1901, ch. 466, amd. L. 1916, ch. 517) which provides, " The mayor shall appoint and remove at pleasure a commissioner of accounts." The power and authority of the commissioner of accounts is defined by that section. It is therein provided:

" * * * It shall be the duty of the commissioner of accounts, *once in three months, to make an examination of the receipts and disbursements in the offices of the comp-*

*troller and chamberlain, in connection with those of all the departments and officers making returns thereto,* and report to the mayor a detailed and classified statement of the financial condition of the city as shown by such examinations. He shall also make *such special examinations of the accounts and methods of the departments and offices of the city* and of the counties of New York, Richmond, Queens, Kings and Bronx, *as the mayor may from time to time direct, and such other examinations as the said commissioner may deem for the best interests of the city, and report to the mayor and the board of aldermen the results thereof.* For the purpose of ascertaining facts in connection with these examinations he shall have full power to compel the attendance of witnesses, \* \* \*."

The provisions of that section of the charter are not unconstitutional as conferring judicial powers. (*Matter of Hertle*, 120 App. Div. 717; affd., 190 N. Y. 531.)

Public education is a state and not a municipal function. Boards of education are branches of the state government charged by the state with the administration of its educational system. (*Ham v. Mayor, etc., of N. Y.,* 70 N. Y. 459; *Gunnison v. Board of Education, N. Y.,* 176 N. Y. 11; *Schieffelin v. Komfort,* 212 N. Y. 520; *Smith v. Board of Education, N. Y.,* 208 N. Y. 84, 87.) Although public education is a state and not a municipal function, some part of its administration may by the state be committed to a municipality and to a board of education as a department of such municipality, and its administration will thus rest upon a specified and prescribed division of authority and responsibility between such representatives of the state, and officers of the state education department representing the state.

The board of education in the city of New York, speaking in general terms, stands as a substitute for the latter as a corporate agency of the state for the purpose of administering educational matters. (*Smith v. Board of Education, supra.*)

Prior to the passage of chapter 786 of the Laws of 1917 the administration of public education in the city of New York was of a dual character. (*Clarke Co.* v. *Board of Education, N. Y.*, 156 App. Div. 842; affd., 215 N. Y. 646; *Matter of Dobrovolny* v. *Prendergast*, 219 N. Y. 280.)

To a limited extent a duality of authority exists between the city and its water department (*Oakes Mfg. Co.* v. *City of New York*, 206 N. Y. 221), and the county clerk as a public official (*People ex rel. Plancon* v. *Prendergast*, 219 N. Y. 252), and the justices of the Supreme Court as officers charged with the duty of incurring obligations payable out of the money raised by taxation. (*Matter of Flaherty* v. *Craig*, 226 N. Y. 76.) That the board of education prior to the act of 1917 was at least in some of its duties an administrative department of the city of New York, is substantially conceded. The contention of the respondent on this appeal is that the administration of the school system, a state function, is now wholly retained by it and that it has not delegated any of its authority to the municipality either directly or through a department thereof. The question arises in this case through an effort on the part of the mayor of the city of New York who is the chairman of the board of estimate and apportionment to have the accounts of the board of education examined pursuant to the provisions of section 119 of the charter from which we have quoted. The appellant issued a subpoena to the respondent Cook, who is the auditor of the board of education, requiring him to appear and testify upon such examination. The board of education at a meeting thereof at which the superintendent of schools was present ordered the superintendent to permit the commissioner of accounts to make an investigation of the accounts of the board of education. Under the advice and direction of the commissioner of education Cook refused to obey the subpoena. An application was then made for a warrant of attachment to compel his attendance as a witness, in pursuance of

sections 854 and 855 of the Code of Civil Procedure. The Special Term granted the motion and directed him to appear for examination. (*Matter of Hirshfield* v. *Cook,* 107 Misc. Rep. 130.) On appeal to the Appellate Division the order was reversed and the motion denied. (*Matter of Hirshfield* v. *Cook,* 188 App. Div. 843.) The determination of the question before us depends upon a construction of the act of 1917.

. Under that act which is made a part of the Education Law (Article 33a) it is provided that a board of education is established in each city of the state and that the educational affairs in each city shall be under the general management and control of a board of education. (Section 865.) The powers and duties of the board of education are stated with some detail. (Section 868.) So far as the city of New York is concerned the power of appointment of the members of the board of education is retained by the mayor. (Section 866.) The board of aldermen upon the recommendation of the board of estimate and apportionment has power to fix the salaries in the department of education except those of teachers, examiners, and members of the supervising staff. (Greater N. Y. Charter, sec. 56; *Matter of Dobrovolny* v. *Prendergast,* 219 N. Y. 280; *Hogan* v. *Board of Education, N. Y.,* 200 N. Y. 370.)

It is the duty of the board of education to make reports to the mayor with such suggestions and recommendations relative to the public schools of the city of New York as it may deem proper. (Greater N. Y. Charter, sec. 1095.) The mayor is authorized to remove members of the board of education for reasons in the charter enumerated. (Greater N. Y. Charter, sec. 1096.)

The act of 1917 expressly repeals certain specified laws and also sections of the Greater New York charter and provides that " All acts or parts of acts, general or special, inconsistent with the provisions of this act are hereby repealed * * *. And all acts or parts of acts,

general or special, not specifically repealed by this act and not inconsistent with the provisions of this act shall remain in full force and effect." (Sec. 881, subd. 3.)

In considering whether the legislature intended that any particular part of the charter of the city of New York not expressly repealed is repealed by implication, consideration should be given to the language of section 1618 thereof which provides: " This act or any section or provision thereof shall not be deemed to be repealed or amended by any act of the legislature, unless it be so expressly stated, or the legislative intention to that effect is unmistakable." The intent must be manifest. (*Peterson* v. *Martino*, 210 N. Y. 412, 418.)

The act of 1917 did not expressly repeal that part of section 96 of the Greater New York charter which provides that the department of education shall be an administrative department of said city; nor section 108 thereof which provides that the head of the department of education shall be called the board of education. The intention of the legislature to repeal said sections so far as they relate to the board of education is not so clear as to be " unmistakable." From a consideration of the provisions of the charter that concededly have not been repealed and of the provisions of the act of 1917 some of which are herein mentioned, we do not think that it was the intention of the legislature to repeal said sections so far as they relate to the board of education.

The inter-relations of the city of New York and the board of education thereof are affirmatively shown by the act of 1917 as well as by the provisions of the Greater New York charter that have not been repealed. While the educational affairs in each city are under the general management and control of the board of education, such board is subject to municipal control in matters not strictly educational or pedagogic. Section 877 of the act of 1917 provides that " In a city which had, according to the

Federal census of nineteen hundred and ten, a population of one million or more, such estimate (for the current or ensuing fiscal year of such sum of money as it may deem necessary) shall be filed with the board of estimate and apportionment. If the total amount requested in such estimate shall be equivalent to or less than four and nine-tenths mills on every dollar of assessed valuation of the real and personal property in such city liable to taxation, the board of estimate and apportionment shall appropriate such amount. If the total amount contained in such estimate shall exceed the said sum of four and nine-tenths mills on every dollar of assessed valuation of the real and personal property in such city liable to taxation, such estimate shall, as to such excess, be subject to such consideration and such action by the board of estimate and apportionment, the board of aldermen, and the mayor as that taken upon departmental estimates submitted to the board of estimate and apportionment. The board of estimate and apportionment is authorized to make additional appropriations for educational. purposes authorized by this chapter. * * * The general school fund shall be raised in bulk and for the city at large. The board of education shall administer all moneys appropriated or available for educational purposes in the city, *subject to the provisions of law relating to the audit and payment of salaries and other claims by the department of finance.*" (Subd. 7.)

It appears that the board of education submitted to the board of estimate and apportionment in the year 1918 for the purpose of the budget for the year 1919 an itemized estimate of its expenses for the year 1919 as required by the Education Law. The aggregate of the detailed items of such estimate was $46,104,330.08. The total amount appropriated by the board of estimate and apportionment for 1919 was $45,121,163.26, which was $3,025,000 in excess of the four and nine-tenths mills

which the board of estimate and apportionment is required to appropriate if declared to be necessary by the board of education.

The appropriation mentioned does not include any provision for the purposes or liabilities comprehended in paragraph c, subdivision 1 of section 877 of the Education Law. Other provisions have been made therefor about which there is a controversy, but the details of such provisions are immaterial in deciding the question now before us.

Although the board of estimate and apportionment had appropriated to the board of education for the year 1918 $42,501,156.04, which was the exact product of four and nine-tenths mills on every dollar of assessment of real and personal property in New York city for that year, in January, 1919, the board of education requested the board of estimate and apportionment to make additional appropriations aggregating $3,200,000 for it to meet liabilities alleged to have been incurred by the board of education in the year 1918 in excess of appropriations made for it. Six hundred thousand dollars has been appropriated by the board of estimate and apportionment on account of such alleged liabilities. The board of estimate and apportionment requested the board of education to furnish the facts and particulars in detail with respect to such alleged liabilities and the necessity for an additional appropriation. The information thus sought has not been furnished by the board of education.

" A board of education may, to meet emergencies which may arise, submit a special estimate in which items for extraordinary expenses may be submitted to meet such emergencies. Such estimate shall contain a complete statement of the purposes for which the items are requested and the necessity therefor. The same method of procedure shall be followed in submitting such estimate and such estimate shall be subject to the same consideration

and action as is required in the submission, consideration and action upon the regular annual estimate submitted by a board of education. The common council in such a city shall have power to make the appropriations requested by a board of education in such special estimate * * *." (Subd. 8.)

Section 879 provides: " In a city having a population of one million or more; the board of estimate and apportionment may in its discretion annually cause to be raised such sums of money as may be required for the purposes enumerated in subdivision c of section eight hundred and seventy-seven of this act (the remodelling or enlarging of buildings under its control and management, the construction of new buildings for uses authorized by this chapter and the furnishing and equipment thereof, the purchase of real property for new sites, additions to present sites, play-grounds or recreation centers and other educational or social purposes, and to meet any other indebtedness or liability incurred under the provisions of this chapter or other statutes, or any other expenses which the board of education is authorized to incur), in the manner provided by law for the raising of money for such purposes." (Subd. 4.)

Section 880 provides: " Public moneys apportioned to a city by the state and all funds raised or collected by the authorities of a city for school purposes or to be used by the board of education for any purpose authorized in this chapter, or any other funds belonging to a city and received from any source whatsoever for similar purposes, shall be paid into the treasury of such city and shall be credited to the board of education." (Subd. 1.)

" Such funds shall be disbursed only by authority of the board of education and upon written orders drawn on the city treasurer or other fiscal officer of the city * * * (Subd. 2.) * * * and such funds shall not be paid out except on audit of the board of education and the *counter signature of the comptroller * * * The board*

*of education of such city shall make,* in addition to such classification of its funds and accounts as it desires for its own use and information, *such further classification of the funds under its management and control and of the disbursements thereof as the comptroller of the city \* \* \* shall require, and such board shall furnish such data in relation to such funds and their disbursements as the comptroller \* \* \* shall require.''* (Subd. 3.)

The city of New York is given supervisory authority over the amount of expenditures in the city for school purposes, whenever they exceed four and nine-tenths mills on every dollar of the assessed valuation of the real and personal property in the city liable to taxation. The board of estimate and apportionment, the board of aldermen and the mayor, each in the manner and to the extent provided by the charter, is charged with the responsibility and duty of considering and determining what moneys, if any, in excess of four and nine-tenths mills on every dollar of assessed valuation shall be appropriated to the board of education the same as they are severally charged with the responsibility and duty of determining the amount to be appropriated upon or pursuant to other departmental estimates submitted to the board of estimate and apportionment. It is only when an appropriation not exceeding four and nine-tenths mills on every dollar of assessed valuation is requested by the board of education that the amount must be appropriated. The appropriation in that case rests upon the command of the state expressed in the statute. If the board of education requests an appropriation of the board of estimate and apportionment exceeding four and nine-tenths mills on every dollar of assessed valuation the boards and officers of the city charged with the duty of determining what amount, if any, shall be appropriated to the board of education in excess of four and nine-tenths mills on every dollar of assessed valuation, should have full information and

knowledge of the requirement of the public schools of the city.

One of the ways provided by the charter for eliciting information for use in behalf of the city is an examination to be conducted pursuant to section 119 of the charter from which we have quoted. This court has recently held in substance that the commissioner of education as the chief executive officer of the state system of education can, within the jurisdiction of such commissioner, determine matters of school policy and administration, and in doing so is not subject to review by the courts. (*Bullock* v. *Cooley*, 225 N. Y. 566.) His general management and supervision of the public schools as such executive officer of the education department of the state, does not give him exclusive authority to determine all controversies affecting a municipality when it claims authority independent of and in hostility to the education department. (*People ex rel. Hylan* v. *Finegan*, 227 N. Y. 219.)

The responsibility of determining the amount of money to be spent by the board of education over and above the prescribed amount as stated has been left to the city of New York and not to the education department of the state or its agencies as such, and that duty on the part of the city includes the duty of ascertaining the facts upon which its responsibility should be exercised.

Whether the examination of the auditor of the board of education is desired because the board of education is in a limited extent an administrative department of the city, or because the commissioner of accounts deems the examination for the best interests of the city, we think he is entitled to conduct such examination for the purpose of ascertaining the financial condition of the city and the needs of the public schools therein, if any, over and above the amount that must be appropriated simply on the request of the board of education. If the state through its legislature intends to make the board of

education of the city wholly independent of municipal action and prevent the city or the officers and boards thereof from asserting any authority relating to matters connected with the public schools and the determination of the expenditures therefor, it should be stated by it in such clear language that its intention is " unmistakable."

The order of the Appellate Division should be reversed, and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ., concur; HOGAN, J., absent.

Order reversed, etc.