GERALD G. RUCKER, an Infant, by JASPER G. RUCKER, His Guardian ad Litem, et al., Respondents, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

Argued November 28, 1940; decided December 31, 1940.

*William C. Chanler, Corporation Counsel* (*Edward J. McGratty, Jr.,* and *Paxton Blair* of counsel), for appellant.

*Benjamin Cooper* for respondents.

FINCH, J.   The action is in negligence.   Plaintiff moved in the action at Special Term for an examination before trial.   Special Term denied the application.   The Appellate Division reversed, granted the motion, and certified the following question to this court: " Was the order of the Special Term denying the motion for an examination before trial properly made? "

An examination before trial of a municipal corporation has been held by us not authorized under the provisions of the Civil Practice Act (§§ 288, 289).   (*Davidson* v. *City of New York*, 221 N. Y. 487; *Bush Terminal Co.* v. *City of New York*, 259 N. Y. 509; *Kasitch* v. *City of Albany*, 283 N. Y. 622.)

Does the rule applied to municipal corporations apply likewise to the Board of Education? The Board of Education, even if it is not a municipal corporation in the same sense as that term is applied to a city, nevertheless is without doubt a public corporation as distinguished from a private corporation. In *Gunnison* v. *Board of Education* (176 N. Y. 11, 14) it was conceded that the Board was " a public municipal corporation." (See, also, *Matter of Hirshfield* v. *Cook*, 227 N. Y. 297; *Lessin* v. *Board of Education*, 247 N. Y. 503.) Even if the Board of Education be considered a governmental agency exercising State functions, or an administrative department of the city (Charter of the City of New York, ch. 20, §§ 521–526, effective January 1, 1938; *Matter of Hirshfield* v. *Cook*, *supra*), the same reasons which have been advanced by the courts for disallowing examinations before trial of a municipal corporation, would seem to apply with equal force to the Board of Education. The language of the Civil Practice Act (§§ 288, 289), in providing how the testimony before trial may be taken, speaks of " * * * the testimony of one or more of its officers, directors, managing agents or employees * * *." This is language ordinarily applied to private as distinguished from municipal or other public corporations. As we have held such language not applicable to municipal corporations (*Davidson* v. *City of New York*, 221 N. Y. 487), it would seem likewise not applicable to the Board of Education. It has also been held, where the language of a statute merely refers in general terms to " a corporation, joint-stock association, or other incorporated association " (Civ. Prac. Act, § 289), and contains no express authorization for the inclusion therein of municipal or public corporations, the latter are excluded therefrom (13 American Jurisprudence, Corporations, § 3). In addition, these provisions of the Civil Practice Act, providing for an examination before trial, have been enacted by the Legislature after the decisions of the courts excluding municipal corporations therefrom. Despite this, the Legislature has not sought to include such corporations in the general provisions. (*Matter of Trosk* v.

*Cohen,* 262 N. Y. 430, 435; *Matter of Scheftel,* 275 N. Y. 135, 141.) For all these reasons, the conclusion is reached that the Board of Education of the City of New York is excluded from the provisions of these sections of the Civil Practice Act (§§ 288, 289).

Respondent urges that the case at bar arises out of alleged negligence in the proprietary activities of the Board of Education rather than its governmental function and, therefore, as to such proprietary activities, an examination before trial should be had. Such contention overlooks the fact that the sections of the Civil Practice Act providing for an examination before trial make no division based upon the subject-matter of the suit but deal only with the parties to be examined. In *Kasitch* v. *City of Albany* (283 N. Y. 622), where the city was charged with liability for alleged negligence, this court held that, despite the unavailability of any defense of governmental function, defendant was not subject to examination before trial under the provisions of the Civil Practice Act.

It follows that the order should be reversed, the motion of plaintiffs denied, without costs, and the certified question answered in the affirmative.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Order reversed, etc.