■ PATRICK CONNOLLY, as President of Local 824, Affiliated with the International Longshoremen's Association, et al., Respondents, v. JAMES O'MALLEY, JR., et al., Constituting the Waterfront Commission of New York Harbor, et al., Appellants.— Order entered on February 7, 1962, unanimously reversed on the law, with $20 costs and disbursements to the appellants, and

plaintiffs' motion for examination and production of defendants' books and records in all respects denied, with $10 costs. The defendant Waterfront Commission of New York Harbor is, admittedly, not a private corporation nor a "public corporation" (see Civ. Prac. Act, §§ 288, 289, 292-a; General Corporation Law, § 3; *Rucker* v. *Board of Educ.*, 284 N. Y. 346) and, thus, there is no statutory authorization for its examination before trial, and consequently it may not be so examined. (See *Matter of N. Y. Post Corp.* v. *Moses*, 10 N Y 2d 199, 203; *Rucker* v. *Board of Educ.*, *supra*; *People ex rel. Port Petroleum Corp.* v. *Atlantic Coast Terms.*, 2 A D 2d 153; *Matter of Waterfront Comm.* [*Marchitto*], 26 Misc 2d 767, affd. 13 A D 2d 725, appeal dismissed 10 N Y 2d 813; *Zenna* v. *St. Vincent's Hosp.*, 13 A D 2d 824, 825.) The defendants Ambrose and Sirignano, also sought to be examined are respectively the executive director and general counsel of the commission. The first and second causes of action, being the only causes not stayed or dismissed, are not asserted against them individually. Relief by way of an injunction or a declaratory judgment on said causes would merely be relief against Ambrose and Sirignano in their official capacity. Since the defendant commission is not subject to examination, then the plaintiffs should not be allowed to do by indirection that which they are not authorized by law to do directly. (*People ex rel. Port Petroleum Corp.* v. *Atlantic Coast Terms.*, *supra*, p. 155.) Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.