■ In the Matter of RUBIN MALOFF et al., Respondents, v. CITY COMMISSION ON HUMAN RIGHTS et al., Appellants.— Order and judgment (one paper), Supreme Court, New York County, entered on July 3, 1974, which, in an article 78 proceeding in the nature of prohibition, ordered and adjudged that the City Commission on Human Rights lacks jurisdiction to proceed and is prohibited from proceeding in any manner upon the complaint filed by Mary McAulay, unanimously reversed, on the law, without costs and without disbursements, and vacated, and the petition dismissed. Petitioners-respondents are amenable to the jurisdiction of the City Commission on Human Rights upon a charge of unlawful discriminatory practice notwithstanding the manifestation of such proscribed conduct in the form of a "U" rating. (See Education Law, art. 52-A, particularly §§ 2590-b, 2590-i; General Municipal Law, § 239-s; New York City Charter, ch. 20, §§ 520–522; Administrative Code of the City of New York, § B1–1.0 et seq.; § 1150–1.0; Matter of Daniman v. Board of Educ. of City of N. Y., 306 N. Y. 532, 541–542, revd. on other grounds sub nom. Slochower v. Board of Educ., 350 U. S. 551; see, also, Matter of Hirshfield v. Cook, 227 N. Y. 297, 304, 309–310; People v. Engel, 200 Misc. 60, 62–64.) The circumscribed jurisdiction of the City Commission on Human Rights does not authorize exercise of the exclusive primary jurisdiction of the educational authorities over matters pedagogic or assumption of the role of such authorities in fulfilling society's interest in competent teachers for its youth. (See Matter of Board of Higher Educ. of City of N. Y. v. Carter, 14 N Y 2d 138.) Nor, conversely, should the City Commission on Human Rights be thwarted in its mandated task to vindicate society's interest in an end to forbidden employment practices. (Ibid see, also, Alexander v. Gardner-Denver Co., 415 U. S. 36; Matter of Board of Educ. of Syracuse City School Dist. v. State Div. of Human Rights, 38 A D 2d 245, affd. 33 N Y 2d 946; Matter of Board of Educ., Central School Dist. No. 1 of Town of Grand Is. v. Helsby, 37 A D 2d 493, affd. 32 N Y 2d 660.) Contrasted with the petitioners-respondents prediction of inevitable collision, the law is capable of achieving a pragmatic resolution serving both interests consonant with the needs of each case. Indeed, as the Supreme Court noted in rejecting a like plaint (Alexander v. Gardner-Denver Co., supra, p. 47): "legislative enactments in this area have long evinced a general intent to accord parallel

or overlapping remedies against discrimination." Concur — McGivern, P. J., Nunez, Kupferman, Murphy and Tilzer, JJ.