Wachtler, J.
 

 In this article 78 proceeding the petitioners seek an order prohibiting the New York City Commission on Human Rights from proceeding on a teacher’s complaint that
 
 *332
 
 her performance was rated unsatisfactory in retaliation for filing an earlier complaint alleging sexual discrimination in the New York City school system. Petitioners claim that the Commission on Human Rights lacks jurisdiction to decide the controversy. Each of the petitioners raises a separate point.
 

 Petitioner Maloff urges that the city commission is not authorized to inquire into allegations of discrimination involving the Board of Education of the City of New York. He notes that it is well settled that the Board of Education of the City of New York is a State agency (see, e.g.,
 
 Matter of Daniman v Board of Educ. of City of N.
 
 Y., 306 NY 532). Thus, he argues, the city could not subject it to the jurisdiction of the commission,—a city agency—and in any event, did not do so since the commission’s "powers and duties” extend only to discrimination "practiced by private persons, associations, corporations and * * * by city officials or city agencies.” (Administrative Code of City of New York, § Bl-5.0.)
 

 We note however, that elsewhere in the code a city agency is defined to include any "agency of government, the expenses of which are paid in whole or in part from the city treasury” (Administrative Code of City of New York, § 1150-1.0, subd 1). There is no doubt that the Board of Education of the City of New York falls into this category, and thus literally comes within the jurisdiction conferred on the commission by the city. (See, also,
 
 Metzger v
 
 Swift, 258 NY 440, holding that members of the board of higher education are "city officers” within the meaning of the city charter provision prohibiting dual office holding by city officers.)
 

 We perceive in this no conflict with the State’s authority over the board. Although the board is a State agency, we have held on many occasions that it is not wholly independent of municipal action (see, e.g.,
 
 Matter of Hirshfield v Cook,
 
 227 NY 297, 309-310;
 
 Matter of Divisich v Marshall,
 
 281 NY 170;
 
 Matter of Daniman v Board of Educ. of City of N. Y., supra,
 
 at p 542). The distinction is this: "While the educational affairs in each city are under the general management and control of the board of education, such board is subject to municipal control in matters not strictly educational or pedagogic”
 
 (Matter of Hirshfield v Cook, supra,
 
 at p 304; see, also,
 
 Matter of Daniman v Board of Educ. of City of N. Y., supra,
 
 at p 542). Of course discrimination in the school system is, in the broadest sense, an educational affair, and the board clearly has authority to deal with it. But it has never been considered "strictly
 
 *333
 
 educational or pedagogic” so as to be a matter within the board’s
 
 exclusive
 
 jurisdiction (see, e.g.,
 
 Matter of Board of Higher Educ. of City of N. Y. v Carter,
 
 14 NY2d 138).
 

 Finally we note that although the State Division of Human Rights is responsible for eliminating discrimination from the city school system
 
 (Matter of Board of Higher Educ. v Carter, supra),
 
 that alone does not preclude the city commission from exercising similar powers. Section 239-s of the General Municipal Law provides that "the jurisdiction of the New York city commission on human rights in relation to matters within the city of New York shall be deemed to be concurrent with the jurisdiction of the New York state division of human rights.”
 

 The petitioner, board of education, raised a more fundamental question. They urge that no human rights agency of the city or the State should entertain a complaint concerning a teacher’s rating, even when discrimination is alleged, since a teacher’s ability involves an educational judgment which is solely within the province and competence of the board.
 

 In
 
 Carter (supra)
 
 the board of higher education made a similar argument. There they unsuccessfully argued that because of their special role in formulating educational policy, they should be the sole arbiter of all complaints of discrimination arising within the school system. Here the board concedes that they do not have exclusive jurisdiction of all complaints of discrimination within the system but argue that because of their exclusive power and unique competence to evaluate teacher performance, we should create an exception and recognize that the board has exclusive jurisdiction over all complaints regarding the rating process, including allegations of discrimination.
 

 Although teacher ratings undoubtedly play a major part in the board’s formulation of educational policy, they are also crucial to the teacher’s continued employment, salary and advancement. If discrimination in employment is to be eliminated, discrimination in the vital rating process can hardly be ignored. No one of course questions the power or competence of the board to rate teacher performance. On the other hand, the Legislature has determined that when discrimination in employment or promotion is alleged, the complainant should be permitted to seek redress before the State or local human rights agency. To hold that such agencies lack the power to review a claim of discrimination in the rating process would seriously frustrate the legislative policy.
 

 
 *334
 
 We recognize of course that review in these cases poses special problems. Indeed we recently noted that "[n]either the commission nor the courts should invade, and only rarely assume academic oversight, except with the greatest caution and restraint, in such sensitive areas as faculty appointment, promotion, and tenure”
 
 (Matter of Pace Col. v Commission on Human Rights of City of N. Y.,
 
 38 NY2d 28, 38). However as our decision in that case demonstrates, the delicacy of the task is not sufficient to preclude the inquiry (cf.
 
 Matter of Board of Educ., Cent. School Dist. No. 1 v State Div. of Human Rights,
 
 35 NY2d 822).
 

 The order of the Appellate Division should be affirmed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs.