HON. JOEL H. SACHS Town Attorney, Greenburgh
This is in response to your letter wherein you ask whether the Town of Greenburgh Commission on Human Rights has jurisdiction to investigate a complaint alleging employment discrimination brought against a school district lying entirely within the Town of Greenburgh and outside any village or whether the jurisdiction of the Commission is superseded in these instances by the Education Law or some other law of the State of New York.
General Municipal Law, § 239-o, provides in part:
 "The governing board of any county, city, village or town may by resolution create a commission on human rights. * * *"
General Municipal Law, § 239-q(1), provides in part:
"1. It shall be the duty of the commission:
* * *
 "(c) To inquire into incidents of tension and conflict among or between various racial, religious and nationality groups, and to take such action as may be designed to alleviate such tensions and conflict."
The Court, in Maloff v City Commission on Human Rights, 38 N.Y.2d 329,332-333 (1975), answered your specific question; speaking of the New York City Board of Education, the Court stated:
 "* * * Although the board is a State agency, we have held on many occasions that it is not wholly independent of municipal action (see, e.g., Matter of Hirshfield v Cook, 227 N.Y. 297, 309-310; Matter of Divisich v Marshall, 281 N.Y. 170; Matter of Daniman v Board of Educ. of the City of N.Y., supra, at p 542). The distinction is this: `While the educational affairs in each city are under the general management and control of the board of education, such board is subject to municipal control in matters not strictly educational or pedagogic' (Matter of Hirshfield v Cook, supra, at p 304; see, also, Matter of Daniman v Board of Educ. of City of N.Y., supra at p 542). Of course discrimination in the school system is, in the broadest sense, an educational affair, and the board clearly has authority to deal with it. But it has never been considered `strictly educational or pedagogic' so as to be a matter within the board's exclusive jurisdiction (see, e.g., Matter of Board of Higher Educ. of City of N.Y. v Carter, 14 N.Y.2d 138)."
From the preceding quote, we conclude that a town commission on human rights also has jurisdiction of complaints against a board of education.
The jurisdiction of a municipal commission on human rights, however, does not extend to all forms of discrimination. In 1973 Atty Gen [Inf Opns] 117, we concluded:
 "The Village of Larchmont Human Rights Commission has jurisdiction over equal employment practices, but its jurisdiction in the fields of discrimination based upon age or sex is limited to reporting complaints to the State Division of Human Rights, and then only if authorized by village law or ordinance."
We premised our conclusion on the statutory language of sections 239-q and 239-r the General Municipal Law, which restrict the investigations of municipal commissions on human rights to "complaints of discrimination because of race, creed, color or national origin," and "to inquire into incidents of tension and conflict among or between various racial, religious and nationality groups." There is no authorization for a municipal commission on human rights to investigate alleged discrimination because of age or sex.
From all of the foregoing, we conclude that the Town of Greenburgh Commission on Human Rights has jurisdiction to investigate a complaint alleging employment discrimination because of race, creed, color or national origin brought against a school district lying entirely within the Town of Greenburgh and outside any village.