■ In the Matter of RUBIN MALOFF et al., Appellants-Respondents, v CITY COMMISSION ON HUMAN RIGHTS et al., Respondents-Appellants, and COUNCIL OF SUPERVISORS AND ADMINISTRATORS OF NEW YORK CITY, LOCAL 1, SASOC, AFL-CIO, Intervenor-Appellant-Respondent.—Judgment, Supreme Court, New York County, entered December 13, 1974, which directed enforcement of an order of the city Commission on Human Rights dated July 10, 1973, which *inter alia,* directed the respondents to cease and desist from engaging in retaliatory or discriminatory acts and stayed the commission's award of damages, modified, on the law, to the extent of vacating the stay of the award of damages and directing its enforcement, and otherwise

affirmed, without costs or disbursements. Nancy Schriber (Schriber), a teacher at Seward Park High School, filed a complaint with the city Commission on Human Rights charging the principal of that school, Rubin Maloff (Maloff), with sex discrimination in employment. While this complaint was pending, Schriber filed an additional complaint alleging retaliation on the part of Maloff for Schriber's having initiated the first proceeding. The commission, after investigation, found probable cause to credit the allegations in the retaliation complaint. A hearing was held and ultimately, on July 10, 1973, the commission issued its decision and order, finding that Maloff and the New York City Board of Education (the board) had engaged in retaliatory acts against Schriber, which retaliation culminated in the issuance of an unsatisfactory rating for school year 1971-1972. This was the first such rating Schriber received in her 14 years of teaching. The commission therefore directed that: "1. Respondents Maloff and the New York City Board of Education shall withdraw the unsatisfactory rating issued to the Complainant for the 1971-72 school year. 2. Respondents Maloff and the New York City Board of Education shall withdraw the unsatisfactory rating from any and all of Complainant's personnel files at Seward Park High School and the New York City Board of Education. 3. Respondents Maloff and the New York City Board of Education (including all agents and employees of the Board) are not to mention the unlawful unsatisfactory rating or the filing of the subject complaints in April and July, 1971 at the New York City Commission on Human Rights in connection with any future reference, rating, recommendation, evaluation or other similar commentary on the employment of the Complainant. 4. Respondents Maloff and the New York City Board of Education shall cease and desist from retaliating or discriminating against the Complainant or any person because he or she has filed a complaint or assisted in any proceeding under Title B, Chapter I of the New York City Administrative Code. 5. Respondent Maloff is to pay to the Complainant the net dollar amount, if any, deducted from Complainant's salary on the below days to compensate Complainant for out-of-pocket expenses sustained on March 20, May 2, May 16 and May 24, 1973 when Complainant appeared at the New York City Commission on Human Rights in connection with these proceedings. 6. Respondent Maloff shall pay compensatory damages to the Complainant Schriber in the sum of $1,750 for the humiliation, embarrassment and extreme mental anguish suffered by the Complainant as a result of Respondent Maloff's retaliatory practices." The board and Maloff then instituted this article 78 proceeding to nullify the order of the commission. The commission cross-moved to enforce the order. After some procedural parrying on the part of the parties (see *Matter of Maloff,* 45 AD2d 834), Special Term rendered a decision on the merits. It sustained the factual finding of retaliation (Item No. 4 of commission's order); vacated Items Nos. 1, 2, and 3; and stayed enforcement of Items Nos. 5 and 6. We concur in the holding of Special Term that the city Commission on Human Rights has jurisdiction to entertain complaints alleging discrimination by the board (see *Matter of Maloff v City Comm. on Human Rights,* 46 AD2d 852, affd 38 NY2d 329), and we also affirm the vacatur of Items Nos. 1, 2, and 3 for the reasons stated by Special Term. However, we disagree with the conclusion of Special Term that the award of damages should be stayed pending completion of review by the Chancellor's committee pursuant to section 105a of the by-laws of the New York City Board of Education. The damages awarded to Schriber were based upon the finding of retaliation and not upon the unsatisfactory rating which is now subject to section 105 review. Since we are confirming the finding of retaliation, there

is no need to stay the award of damages pending review of the propriety of the rating. We have modified the order and judgment of Special Term accordingly. Concur—Silverman, Capozzoli, Lane and Markewich, JJ.; Murphy, P. J., dissents in a memorandum, as follows: In the decision upon Schriber's retaliatory complaint, the city Commission on Human Rights stated, *inter alia,* that: "Respondent has attempted to introduce evidence to prove that complainant Schriber was an unsatisfactory teacher. We do not find it necessary to sit in judgment on Mrs. Schriber's professional qualifications, an area in which we have little expertise. It is clear from the evidence, however, that other teachers with the same qualifications received different treatment. The evidence clearly indicates that after Mrs. Schriber complained to the Commission, Respondent Maloff set out to build and document a case against her for the purpose of giving her an unsatisfactory rating; that in furtherance of this design he applied to complainant Schriber a pattern of oppressive supervision, constant surveillance and special conditions of employment not applied to other teachers who, but for the filing of a complaint with the Commission, were similarly situated. We, therefore, find that respondent Maloff's conduct which terminated in the unsatisfactory rating of complainant for the 1971-72 school year was in retaliation for the filing of a complaint with the Commission. To reiterate, a review of the testimony and evidence emphatically mandates no other conclusion." Thus, the commission never reached the merits of whether Schriber deservedly received her unsatisfactory rating. Until a determination is made as to whether or not Schriber's work was unsatisfactory, it is impossible to ascertain whether the petitioners, Maloff and the board of education, acted for retaliatory reasons in giving her the unsatisfactory rating. It may well be true that strong personality differences existed between Maloff and Schriber. However, the question of whether Maloff's actions were retaliatory should not be resolved by simply determining whether or not he gave the rating with ill will toward Schriber. If, in fact, Schriber's performance as a teacher warranted an unsatisfactory rating, it cannot be said that Maloff retaliated by giving her an appropriate rating. If her performance was substandard, her principal had every right to observe her more closely and to treat her differently from other teachers properly performing their duties. As the commission states in the above-quoted excerpt, it does not have the expertise to review Schriber's qualifications. In other words, the board is the best judge of the qualifications of its own employees. Moreover, as a matter of policy, one agency should be quite reluctant to pass upon a prior determination of another agency. Before the commission considers Schriber's retaliatory complaint, she should be required to use the board's grievance machinery in attempting to overturn her unsatisfactory rating. If and when such rating is reversed, Schriber should then be permitted to prosecute her retaliatory complaint before the commission. Accordingly, I recommend that the order and judgment of the court at Special Term should be modified, by reversing so much thereof as failed to vacate Items Nos. 4, 5 and 6 in the commission's order, by vacating those items, by staying the prosecution of the retaliatory complaint pending Schriber's exhaustion of the board's grievance procedure, and that as modified, the order and judgment should be affirmed.