■ In the Matter of RUBIN MALOFF et al., Appellants, v CITY COMMISSION ON HUMAN RIGHTS et al., Respondents.—Consolidated judgment, Supreme Court, New York County, entered July 8, 1974, denying petitioner Rubin Maloff's request to annul the determination of the New York City Commission on Human Rights and finding retaliation against Mary Anilyan

and awarding her damages and denying Anilyan's application as petitioner for expunction of the unsatisfactory rating given, insofar as appealed from, modified on the law, to the extent of deleting the award of damages and remanding that issue to the commission for further hearing, and otherwise affirmed, without costs or disbursements. Mary Anilyan (Anilyan) was employed at Seward Park High School. She is of Armenian parentage but was raised in Egypt. In July, 1970, Anilyan filed a complaint with the New York City Commission on Human Rights (commission), alleging discrimination against her because of her national origin. This complaint was dismissed on January 26, 1971. Subsequently, Rubin Maloff (Maloff) became the principal of the school and gave Anilyan an unsatisfactory rating, alleging, *inter alia,* her lack of scholarship, her absences, and her making unsubstantiated complaints to the commission. Anilyan then filed a new complaint with the commission against Maloff, alleging retaliation. Probable cause was found and a hearing was held. The commission in its decision and order directed that: "1. Respondents shall pay to the Complainant the sum of $13,816.65 as compensatory damages. 2. Respondents Maloff and the New York City Board of Education shall cease and desist from retaliating against the Complainant or any person because he or she has filed a complaint or assisted in any proceeding under Chapter I, Title B of the New York City Administrative Code." The compensatory damages awarded were based on loss of earnings between February, 1971 and June, 1973, less amounts earned by Anilyan during that period. In addition, certain medical expenses were allowed. After this award, Anilyan by petition brought an article 78 proceeding seeking additional relief of expunction of derogatory material from her file, reappointment as a French teacher, and additional damages. By a separate article 78 proceeding, Maloff and the New York City Board of Education (board) claimed, *inter alia,* that the award of damages was improper. These proceedings were consolidated, resulting in the judgment presently being appealed. We note at the outset that the commission has jurisdiction to entertain this complaint of discrimination *(Matter of Maloff v City Comm. on Human Rights,* 46 AD2d 852, affd 38 NY2d 329). It must be further noted that the educational reasons for discharge of Anilyan were properly referred to a hearing pursuant to the by-laws of the board (§ 105). The commission, however, found retaliation in that Maloff specifically stated that one reason for the unsatisfactory rating given to Anilyan was her previous complaint made to the commission. We agree with Special Term to the extent of confirming the finding of retaliation. We find, however, that to sustain the damages awarded they could only be related to retaliation (see *Matter of Maloff v City Comm. on Human Rights,* 58 AD2d 789). Since the damages in this case clearly relate to a consideration of the alleged improper rating and discharge, they cannot be awarded until there has been a section 105 review of that rating and discharge. We have modified the determination of Special Term accordingly. Concur—Silverman, Capozzoli and Lane, JJ.; Markewich, J., concurs in the result; and Murphy, P. J., dissents in a memorandum, as follows: The commission found that Maloff had retaliated because, in giving an unsatisfactory rating to Anilyan, he had considered the fact that her prior complaint before the commission had been dismissed. I disagree with the majority's conclusion that, as a matter of law, a dismissal of a complaint before the commission may not be considered in deciding whether to award an unsatisfactory rating to a particular teacher. If a teacher files an unfounded complaint with the intent of harassing her fellow teachers, her principal should be allowed to consider that fact in evaluating her over-all performance. While a teacher should not be penal-

ized for merely filing an unsuccessful complaint with the commission, a teacher should be subject to appropriate sanction if she acted in bad faith in bringing her complaint. It would seem that a principal would clearly be entitled to award an unsatisfactory rating to a teacher who had brought a series of unsubstantiated complaints against her associates. In any event, even if Maloff should not have considered the dismissal of Anilyan's prior complaint, it cannot be ascertained whether Maloff acted for retaliatory reasons until it is determined whether Anilyan's unsatisfactory rating was warranted. The commission never reached the merits of whether Anilyan's unsatisfactory rating was deservedly received. If there were valid reasons for giving Anilyan an unsatisfactory rating, Maloff's motivations in doing so would be irrelevant and his action could not be considered retaliatory. If there were no valid reasons for giving Anilyan an unsatisfactory rating, then the commission, at that point in time, should consider the possibility that the rating was a retaliatory act on Maloff's part. The commission does not have the expertise to review the performance or qualifications of Anilyan. In these matters, the board is the best judge of its own employees. Moreover, as a matter of policy, one agency should be hesitant to pass upon a prior determination of another agency. Before the commission considers Anilyan's retaliatory complaint, she should be required to use the board's grievance machinery in attempting to overturn her unsatisfactory rating. If and when such rating is reversed, Anilyan should then be permitted to prosecute her retaliatory complaint before the commission. Accordingly, I recommend that the judgment be reversed, that the petition of Maloff and the board be granted to the extent of vacating the commission's order, and that the prosecution of Anilyan's retaliatory complaint be stayed pending her exhaustion of the board's grievance procedure, and that, as modified, the judgment should be affirmed.