DAVENPORT, appellant, v. MAYOR, ETC., OF NEW YORK.

*New York city.   Municipal officer accepting federal office.*

Plaintiff, while holding the office of counsel to the health department of the city of New York, accepted and held the office of chief supervisor of elections, under the act of congress passed February 28, 1871. *Held,* that under the provision of Laws of 1873, chap. 335, § 114, he thereby vacated the former office.

APPEAL from a judgment in favor of the defendants upon a verdict directed by the court.

The plaintiff sued to recover his salary as counsel to the health department of the city of New York, from the 30th of April, 1873, to July 8, 1873.

Upon the trial it was admitted that the plaintiff during the entire period named in the complaint was chief supervisor of elections in and for the southern district in the second circuit of the State of New York, appointed pursuant to the act of congress passed February 28, 1871.

Thereupon the court directed a verdict for the defendant, to which direction the plaintiff excepted.

From the judgment entered on the verdict the plaintiff appealed to this court. Other material facts appear in the opinion.

*Robert H. Strahan,* for appellant. The act of congress does not make a new office, but simply imposes new duties upon a designated circuit court commissioner. Section 7, act of congress, February 28, 1871; § 1, id. June 10, 1870. The office can only be held by a *commissioner for taking bail;* one of the *excepted* classes.

*E. Delafield Smith*, for respondent, cited § 114 of charter of New York city, Laws of 1873, chap. 335.

DONOHUE, J. The appellant was appointed January 15th, 1873, counsel to the health department, of New York city, at a salary of $5,000, payable out of the city treasury. He claims that he continued to act as such counsel until the 8th of July, 1873, and that no salary has been paid to him as such counsel for services since April 30th, 1873.

No question is made in the answer, except that, by § 114 of the act of 1873, chap. 335, it is provided, that " Any person holding office, whether by election or appointment, who shall, during the term, accept or retain any other civil office of honor, trust or emolument under the government of the United States, except commissioner for the taking of bail or register of any court, * * * shall be deemed thereby to have vacated any office held by him under the city government;" and that, while such provision was in full force, the plaintiff accepted and held the office, and now holds the office, of chief supervisor of elections in and for the southern district of New York, under act of congress of February 28, 1871, and that he thereby vacated his office of counsel to the health department. The evident object and intent of the provision of the charter cited was to have the entire service of all of its officers and to prevent abuses which had grown up in consequence of a divided duty, which interfered with the performance of their duty by city officials. In carrying out this intent, the charter made the sweeping provision it does, its framers being unwilling to open the door to any exceptions. The judge before whom the case was tried held that the plaintiff came within the prohibition of the statute, and ordered judgment for the defendants, and the plaintiff appealed. The only ground of error alleged is that the plaintiff is a commissioner excepted by the act, and that he performs his duties as chief supervisor as such commissioner. In this, we think, he is mistaken. The office of chief supervisor is not one that a commissioner can excercise without appointment; he does not, in common with other commissioners, exercise the powers, but when congress passed the act they wisely determined to restrict the privilege of appointment to a particular class, and it might with equal justice be said, if the plaintiff is right, a judge elected or appointed holds no office other than that of attorney or counsellor, because he must be selected from

a particular class, namely, counsellor at law. The same might be said of all offices, the appointee to which must be from a profession. The act is clear, its intent is plain, and the office which the plaintiff accepted and retained, "chief supervisor," not being excepted by the charter, the plaintiff must be deemed to have vacated the office for which he asks the salary. The court below was right, and the judgment should be affirmed.

*Judgment affirmed.*