JOHN I. DAVENPORT, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

The office of chief supervisor of elections, created by the act of congress, passed February 28, 1871 (16 U. S. Stat. at Large, 437), is additional to that of Circuit Court commissioner and not incident or appurtenant thereto. It is therefore within the provisions of the New York charter of 1873 (§ 114, chap. 335, Laws of 1873), which declares that the acceptance of office under the federal government is a relinquishment of any office held under the city; and is not within the exception in said section in favor of commissioners.

Accordingly *held,* that plaintiff, by accepting the office of chief supervisor of election, vacated the office of counsel to the health department, then held by him, and was not entitled to the salary of the latter office after such acceptance.

(Argued November 27, 1876; decided December 12, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of the defendant entered upon a verdict.

This action was brought by plaintiff to recover $940.85, claimed to be due him for his salary as counsel to the health department of the city of New York, from April 30, 1873, to July 8, 1873. Plaintiff was appointed counsel to the health department, January 15, 1873, at a salary of $5,000.

Upon the trial it was admitted that plaintiff, during the entire period named in the complaint, was chief supervisor of elections in and for the southern district, in the second circuit of the State of New York, appointed pursuant to the act of congress passed February 28, 1871. The court directed a verdict for the defendant, to which plaintiff's counsel duly excepted. A verdict was rendered accordingly.

*Robert H. Strahan* for the appellant.

*A. J. Requier* for the respondent.

RAPALLO, J. We are clearly of opinion that the office of chief supervisor of elections is additional to that of Circuit Court commissioner, and not incident or appurtenant to the latter office. It was created by act of congress passed Febuary 28, 1871, which provides that the Circuit Court of the United States of each circuit shall appoint from among the Circuit Court commissioners of each district, one of them, who for the duties required of him under that act, shall be known as chief supervisor of elections of the district. Many if not all of these duties are entirely different from those appurtenant to the office of commissioner, although in certain cases the chief supervisor may act at the same time both in that capacity and as commissioner. Commissioners as such, are not authorized to perform the duties of chief supervisor, but only the one who may be appointed in each district. When acting as chief supervisor he does so by virtue of his appointment as such, and not by virtue of his office of commissioner, and he

receives specified fees as supervisor to which he would not be entitled as commissioner. The act declares what compensation shall be paid to each chief supervisor for his services " as such officer" in excess of all fees as commissioner. The provisions of the act respecting the duties and fees of the office show that it is one of trust and emolument. It is therefore within the provisions of the charter which declares that the acceptance of such an office under the government of the United States is a relinquishment of any office held under the city (Laws 1873, p. 519, § 114), and is not within the exception in that section in favor of commissioners. It is not necessary to add any thing further to the reasoning of the court at General Term, with which we concur.

The judgment should be affirmed.

All concur.

Judgment affirmed.