In the Matter of the Application of THE CITY OF NEW YORK, Acting by and through the Commissioner of Docks, Relative to Acquiring Right and Title to and Possession of Certain Lands, etc., Together with the Riparian, Franchise and Incorporeal Rights Appurtenant to Such Lands Situated Along the Northerly Shore of Jamaica Bay, etc., between the Westerly Side of Byrne Place, Borough of Brooklyn, and the Westerly Side of Right of Way of Long Island Railroad, Borough of Queens, for the Improvement of the Waterfront of the City of New York, etc. (Parcel 10.)

WILLIAM ARMBRUSTER and Others, Appellants; THE CITY OF NEW YORK, Respondent.

Second Department, February 13, 1931.

*Ralph L. Baldwin,* for the appellants Armbruster and others.

*Francis P. O'Connor* [*Edward W. Murphy* with him on the brief], for the appellants Mocilar and others.

*Charles J. Nehrbas* [*Hamilton Anderson, William R. Rust* and *Watson, Kristeller & Swift* with him on the brief], for the appellants Hanbury and others.

*Willard S. Allen* [*Arthur J. W. Hilly,* Corporation Counsel, *J. Joseph Lilly, Josiah A. Stover* and *Joseph F. Mulqueen, Jr.,* with him on the brief], for the respondent.

PER CURIAM. None of the appellants is entitled to damages by reason of deprivation of riparian rights. (*Sage* v. *Mayor*, 154 N. Y. 61.) This applies not only to a claimant who may still have a right of access to the waters involved, but also to those who have entirely lost such right. (*Marine Railway & Coal Co.* v. *United States*, 265 Fed. 437; affd., 257 U. S. 47; *Gibson* v. *United States*, 166 id. 269; *Scranton* v. *Wheeler*, 179 id. 141; Nichols Em. Dom. [2d ed.] § 139.) *Fulton L., H. & P. Co.* v. *State of New York* (200 N. Y. 400) is not to the contrary. Claimant Hanbury failed to prove any consequential damage to the remainder of his property by reason of the parcel taken. Consequential damage attempted to be proved by him was with reference to deprivation of riparian rights. Loss due to the destruction of piers, etc., is not recoverable, because their erection and maintenance were subject to the right of the State to make improvements for the benefit of navigation and commerce. The language of the petition disposes of the question of estoppel, even if that question could otherwise be raised. The petition alleges the intention of the city to use the land and rights acquired for a " marginal street, wharf or place." That the city may attempt to use this property for other purposes is not now before the court.

The decree should be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, HAGARTY, CARSWELL and TOMPKINS, JJ.

Separate and partial final decree unanimously affirmed, with costs.