DAVID METZGER, Appellant, *v.* HARRY P. SWIFT and Another, Respondents.

First Department, February 13, 1931.

*Samuel D. Smoleff,* for the appellant.

*Willard S. Allen* of counsel [*J. Joseph Lilly* and *William E. C. Mayer* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel,* attorney], for the respondents.

MERRELL, J.   Plaintiff is a citizen and taxpayer, residing in the borough of Manhattan, New York city, and assessed and liable to pay taxes upon the sum of $1,000.   Defendant Harry P. Swift was appointed as a member of the board of health in the department of health of the city of New York by the mayor of said city on or about March 6, 1929.   Defendant qualified under said appointment by taking the oath of office, and has since continued to hold said office and to receive compensation from the city of New York at the rate of fifty dollars for each meeting of the board which he attends, pursuant to the provisions of local law No. 13 of the New York Local Laws of 1928 (superseding and amdg. Greater New York Charter, § 1167).   Plaintiff brings this taxpayer's action pursuant to the provisions of section 51 of the General Municipal Law to prevent waste or injury to the property and finances of the city of New York.   The facts involved in this controversy are undisputed.   At the time of the appointment of said defendant as a member of the board of health he held the following civil offices: He was a member of the board of trustees of Hunter College of the city of New York, having been appointed as such trustee by the mayor on August 6, 1923; he was a member of the board of higher education of the city of New York, having been appointed to such position by the mayor of New York city on May 1, 1926; he was chairman of the Hunter College teachers' retirement board, which position he held *ex-officio* as chairman of

the board of trustees of Hunter College. All of these three offices were held by defendant and retained by him after his appointment as a member of the board of health of New York city, and he still continues to hold all of said positions. Plaintiff alleges in his complaint that defendant, by so retaining and holding the several civil offices above enumerated, has, as matter of law, automatically vacated his office as a member of the board of health under the provisions of section 1549 of the Greater New York Charter, and that payment to him by the comptroller of compensation as a member of the board of health is an illegal official act and a waste of the city's funds, and subject to restraint at the suit of a qualified taxpayer of the city.

It is the contention of plaintiff that under the provisions of section 1549 of the Greater New York Charter the defendant must be held to have vacated his office as a member of the board of health of the city by holding and continuing to hold the offices aforesaid, all of which, plaintiff contends, are connected with the city government. Section 1549 of the Greater New York Charter (Laws of 1901, chap. 466) is broad and sweeping in its provisions and apparently denies the right of a city official to hold more than one civil office. Section 1549 provides as follows:

" § 1549. Any person holding office, whether by election or appointment, who shall, during his term of office, accept, hold, or retain any other civil office of honor, trust, or emolument under the government of the United States (except commissioners for the taking of bail, or register of any court), or of the State (except the office of notary public or commissioner of deeds, or officer of the National Guard), or who shall hold or accept any other office connected with the government of The City of New York, or who shall accept a seat in the Legislature, shall be deemed thereby to have vacated any office held by him under the city government."

It will be seen by the provisions of this section that any person holding office, whether by election or appointment, who shall, during his term of office, *accept, hold or retain* any other office of honor, trust or emolument, either (1) under the government of the United States, (2) or of the State, (3) or who shall hold or accept any other office connected with the government of the city of New York, (4) or who shall accept a seat in the Legislature, shall be deemed thereby to have vacated any office held by him under the city government. Finally, it is provided that " no person shall hold two city or county offices, except as expressly provided in this act * * *." It is the contention of plaintiff that defendant Swift is disqualified from holding the office of member of the board of health under the provisions of section 1549 by reason

of his holding or accepting another office connected with the government of the city of New York, and by reason of the provision of the statute that no person shall hold two city or county offices, except as provided in the act, at the same time. The plain provisions of the charter, above referred to, seem automatically to vacate any office under the government of the city of New York in any case where the incumbent of the office holds another office connected with the city government. The question, therefore, presented by this appeal was: Did the defendant, at the time of qualifying as a member of the board of health, hold another office connected with the government of the city? If he did, under the provisions of the statute, he is deemed to have vacated any office held by him under the city government. The reason of this provision of the charter is clear, and was passed upon in the case of *Davenport* v. *Mayor* (2 Thomp. & Cook, 536; affd., 67 N. Y. 456). *Davenport* v. *Mayor* arose under a former statutory provision containing similar provisions, which was the predecessor of the present section 1549 of the city charter. In *Davenport* v. *Mayor* (*supra*) the court said: " The evident object and intent of the provision of the charter cited was to have the entire service of all of its officers and to prevent abuses which had grown up in consequence of a divided duty, which interfered with the performance of their duty by city officials. In carrying out this intent, the charter made the sweeping provision it does, its framers being unwilling to open the door to any exceptions. * * * The act is clear, its intent is plain. * * *"

The statute in question extends the common-law rule, which prohibited the holding of incompatible offices, and leaves nothing to be determined by the doubtful test of incompatibility. The statute clearly prohibits the holding of more than one office by a city official, and provides that one holding more than a single office shall be deemed to have vacated any office held by him under the city government. In the recent case of *Matter of Hulbert* v. *Craig* (124 Misc. 273; affd., 213 App. Div. 865; affd., 241 N. Y. 525) it was held that the president of the board of aldermen of the city of New York, by accepting an appointment by the Governor as a member of the Finger Lakes State Parks Commission, automatically vacated his office. In the *Hulbert* case the acceptance of a State office was held to have automatically vacated the city office which he held as president of the board of aldermen. There can be no doubt that the object in enacting section 1549 of the Greater New York Charter was that the city should receive " the entire service of all of its officers." (*Davenport* v. *Mayor*, *supra*.) It seems to us that as to whether a person first holds a

city office and then accepts another office, or accepts a city office while holding another office, is of no importance when we consider the purpose of the enactment of the charter provision in question. The language of the section disqualifies a person who either holds or accepts an office connected with the city of New York while holding or retaining any other civil office of honor, trust or emolument. By taking his oath of office as a member of the board of health while still holding his position in connection with the educational departments of the city, the defendant clearly brought himself within the express charter provision that one who shall hold or accept any other office connected with the government of the city of New York shall be deemed thereby to have vacated any office held by him under the city government. In the sense used, the word " any " must be taken to mean that the officer shall be deemed thereby to have vacated every office held by him under the city government.

The only ground seriously urged by respondents in support of the order denying the appellant injunctive relief is that the offices held by defendant at the time of his appointment as a member of the board of health were not offices connected with the government of the city of New York, but were, in fact, State offices, and that as a holder of said educational positions defendant must be regarded as a State officer. While it is true that public education is a State and not a municipal function, nevertheless, that does not make an official intrusted with its discharge a State officer. In the case of educational officers of the city of New York, it is well settled that they form a part of the city government. The Court of Appeals said in *Matter of Hirshfield* v. *Cook* (227 N. Y. 297) that " Although public education is a State and not a municipal function, some part of its administration may by the State be committed to a municipality and to a board of education *as a department of such municipality*, and its administration will thus rest upon a specified and prescribed division of authority and responsibility between such representatives of the State, and officers of the State Education Department representing the State.

" The board of education in the city of New York, speaking in general terms, stands as a substitute for the latter as a corporate agency of the State for the purpose of administering educational matters." (Italics are the writer's.)

In *People ex rel. Sherwood* v. *Board of Canvassers* (129 N. Y. 360) the Court of Appeals, in discussing the responsibility of the city in two actions for damages claimed to have been sustained as the result of negligence on the part of city departments, stated: " Although the officers mentioned in those cases were undoubtedly

officers under the city government, the city was held not to be responsible for the misfeasance of their subordinates, because the doctrine of *respondeat superior* did not apply in those cases." Thus the Court of Appeals clearly recognized that while the officers of said city departments were undoubtedly officers under the city government, the city was relieved from responsibility for the misfeasance of its subordinates on the ground that the doctrine of *respondeat superior* did not apply to such cases. We know of no decision in any way overruling that of the Court of Appeals in *People ex rel. Sherwood* v. *Board of Canvassers (supra)* and *Matter of Hirshfield* v. *Cook (supra)*. Beyond any doubt, under said decisions the educational offices held by defendant are not only offices connected with the government of the city of New York, but are offices " under the city government."

Defendant was also a member of the board of higher education of the city of New York at the time of qualifying as a member of the board of health. The board of higher education of the city of New York was created by chapter 407 of the Laws of 1926, constituting section 1142 of the Education Law. Said board is charged with general control and administration of " all public education in the said city beyond the high school level " (Education Law, § 1143, as added by Laws of 1926, chap. 407), with certain exceptions, however, in regard to existing institutions of higher education. The members of the board of higher education are, under section 1142 of the Education Law, appointed by the mayor and are removable by him. The board controls buildings owned by the city and used for higher educational purposes, and reports to the board of estimate and apportionment, and has the expenditure of funds appropriated by the city for college purposes. (Education Law, § 1143.)

Defendant was also chairman of the Hunter College teachers' retirement board. Hunter College is an institution of the city of New York, constituted by section 1139 of the Greater New York Charter (as amd. by Laws of 1914, chap. 115). Its board of trustees is appointed by and subject to removal by the mayor, with the exception of the president of the board of education and the president of the college. (Greater New York Charter, § 1140, added by Laws of 1915, chap. 516, as amd. by Laws of 1916, chap. 193.) It administers city funds and, with the same function, the Hunter College teachers' retirement board is vested. (Greater New York Charter, §§ 1142, 1145; Id. § 1146, added by Laws of 1918, chap. 584, as amd. by Laws of 1921, chap. 166.) The Public Officers Law of the State, section 2, defines the term " State officer " as one " authorized to exercise his official functions throughout the

entire State, or without limitation to any political subdivision of the State." A "local officer" is defined as including "every officer limited in the execution of his official functions to a portion only of the State." The jurisdiction of the board of higher education is limited by section 1143 of the Education Law to the city of New York, and as to all its functions, such as the appointment and removal of its members, disbursement of city funds, and accountability therefor to the city, it unquestionably is "a department of such municipality." (*Matter of Hirshfield* v. *Cook*, *supra*.) Under section 1142 of the Education Law creating the board of higher education, it is expressly provided that such a board be established in each city of the State containing a population of one million or more, and describes said board as "the said board of higher education of the said city." The jurisdiction of such board is limited to "that part of the public school system within the city which is of collegiate grade * * *." It thus appears that members of the board fall within the classification of local officers as defined by section 2 of the Public Officers Law.

There can be no question that membership in the board of health is an office "under the city government." The board of health is constituted by section 1167 of the Greater New York Charter, as amended by local law No. 13 of the New York Local Laws of 1928. It is a branch of the department of health, one of the administrative departments of the city of New York. (See Greater New York Charter, § 96, as amd. by Laws of 1923, chap. 890.)

It is quite apparent that all three offices now held by defendant Swift are not only offices connected with the government of the city of New York, but are, in fact, offices under the city government. Holding such offices, we think the defendant "shall be deemed thereby to have vacated any office held by him under the city government" and that he must be deemed to have vacated not only his office as a member of the board of health, but all the other offices held by him under the city government. However, the only official position of the defendant under attack in this taxpayer's action is that of a member of the board of health, which, of the offices held by defendant, is alone a salaried position.

We think, furthermore, that even though the educational bodies with which defendant is officially connected can be deemed branches of the State government, that, nevertheless, under the provisions of section 1549 he must be deemed to have vacated his office as a member of the board of health. Even if it were a fact that the educational bodies in question were branches of the State government instead of departments under the city government dis-

charging a State function, and the defendant a member of such bodies and a State officer, he, nevertheless, would be subject to the provisions of section 1549, and would be a person holding office who during his term accepted, held and retained another civil office of honor, trust or emolument " under the government of the United States * * * *or of the State* * * *," and must thereby be deemed to have vacated any office held by him under the city government. The answer of defendant admits that he still holds his educational offices concurrently with his office as a member of the board of health. This the Greater New York Charter forbids. By accepting, holding or retaining an office under the city government the office of member of the board of health automatically became vacant.

In our opinion, there being no disputed question of fact to be tried, plaintiff was entitled to an injunction *pendente lite* restraining the illegal payment of the city funds to the defendant Swift. The order denying plaintiff such injunctive relief should be reversed, with ten dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs.

FINCH, MCAVOY and SHERMAN, JJ., concur; DOWLING, P. J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice.