David Metzger, Respondent, *v.* Harry P. Swift et al., Appellants.

(Submitted February 11, 1932; decided March 3, 1932.)

*Arthur J. W. Hilly, Corporation Counsel* (*William E. C. Mayer, Willard S. Allen* and *J. Joseph Lilly* of counsel), for appellants. The defendant Swift was under no disability in respect of accepting and holding the office of member of the Board of Health by reason of his being a member of the Board of Higher Education of the city of New York, and member of the board of trustees of Hunter College. (*Metzger* v. *Swift,* 231 App. Div. 598; *Matter of Hirshfield* v. *Cook,* 227 N. Y. 297; *Matter of Gelson* v. *Berry,* 257 N. Y. 551; *Lewis* v. *Board of Education,* 258 N. Y. 117; *Matter of Hulbert* v. *Craig,* 124 Misc. Rep. 273; 213 App. Div. 865; 241 N. Y. 525; *Ackley* v. *Board of Education,* 174 App. Div. 44.)

*Samuel D. Smoleff* for respondent. The offices of member of the board of trustees of Hunter College and member of the Board of Higher Education of the city of New York are connected with the government of the city of New York. (*Matter of Hirshfield* v. *Cook,* 227 N. Y. 297; *Lewis* v. *Board of Education,* 258 N. Y. 117.)

By holding offices connected with the government of
the city of New York, the defendant Swift vacated
the office of member of the Board of Health of the city
of New York. (New York City Charter, § 1549; *Matter
of Hulbert* v. *Craig*, 124 Misc. Rep. 273; 213 App. Div.
865; 241 N. Y. 525; *Davenport* v. *Mayor*, 2 Thomp.
& Cook, 536; 67 N. Y. 456; *People ex rel. Ryan* v. *Green*,
58 N. Y. 295.) The Appellate Division correctly inter-
preted section 1549 of the New York City Charter as
automatically vacating all of the offices concurrently
held by the defendant Swift. (*Matter of Hirshfield* v.
*Cook*, 227 N. Y. 297; *People ex rel. Wells & Newton Co.*
v. *Craig*, 232 N. Y. 125; *People ex rel. Sherwood* v. *Bd.
of Canvassers*, 129 N. Y. 360; *Maxmilian* v. *Mayor*, 62
N. Y. 160; *Matter of Simmons*, 203 N. Y. 241; *People* v.
*Ahearn*, 131 App. Div. 30.)

*Per Curiam.* This is a taxpayer's action to restrain
the payment of salary to the defendant Swift, a member
of the Board of Health of the city of New York.

Section 1549 of the Greater New York Charter (Laws
of 1901, ch. 466) provides as follows: "Any person holding
office, whether by election or appointment, who shall,
during his term of office, accept, hold, or retain any other
civil office of honor, trust, or emolument under the govern-
ment of the United States (except commissioners for the
taking of bail, or register of any court), or of the State
(except the office of notary public or commissioner of
deeds, or officer of the national guard), or who shall hold or
accept any other office connected with the government of
The City of New York, or who shall accept a seat in the
legislature, shall be deemed thereby to have vacated any
office held by him under the city government. No per-
son shall hold two city or county offices, except as expressly
provided in this act; nor shall any officer under the city
government hold or retain an office under the county
government, except the office of supervisor, or when he

holds such office *ex officio*, by virtue of an act of the legislature; and in such case shall draw no salary for such *ex officio* office."

The defendant Swift was appointed on March 6, 1929, a member of the Board of Health of the city of New York, and took and subscribed the statutory oath of office. At that time he was a trustee of Hunter College of the city of New York (Greater N. Y. Charter, § 1140), a member of the Hunter College Teachers' Retirement Board (Greater N. Y. Charter, § 1146, subd. B 1), and a member of the Board of Higher Education of the city of New York (Laws°of 1926, ch. 407), and these offices he retained or attempted to retain after his appointment to the Board of Health. The judgment under review decides that the effect of his assumption of the new office was not merely a forfeiture of the old ones, but a forfeiture of the new one too (231 App. Div. 597, 604).

The offices occupied by Swift in the educational system were offices " connected with the government of the City of New York " within the meaning of the statute. True indeed it is that education is a State or governmental function. This does not mean that one fulfilling such a function is invariably a State as distinguished from a city officer (*Lewis* v. *Board of Education*, 258 N. Y. 117; *Matter of Hirshfield* v. *Cook*, 227 N. Y. 297; Public Officers Law, § 2; Cons. Laws, ch. 47). A member of the police force fulfills a State or governmental function (*Maxmilian* v. *Mayor*, 62 N. Y. 160; *Wilcox* v. *City of Rochester*, 190 N. Y. 137), yet this does not mean that membership in the police force is not an office connected with the government of the city (*People ex rel. Bolton* v. *Albertson*, 55 N. Y. 50). One has only to read the names of the departments of the city government in the table of contents of the charter in order to see that the functions of many of them are State and governmental as well as municipal and local.

We think the result of an acceptance by Mr. Swift of

the new office of member of the Board of Health was to terminate his tenure of the offices previously held. We are unable, however, to give our assent to the conclusion of the courts below that he not only lost what he had previously held, but never effectively acquired what was given in exchange for them. The thought back of the statute is that a member of the city government shall not hold more than one office at the same time. We strain the statute to the breaking point when we interpret it as meaning that by the mere acceptance of the new office he vacated the old ones, and yet also by retaining the old ones vacated the new.

The judgment of the Appellate Division and that of the Special Term should be reversed, with costs in the Appellate Division and in this court, and the motion denied with ten dollars costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.