RICHARD S. CHILDS, Plaintiff, *v.* ROBERT MOSES and IRVING V. A. HUIE and Others, Defendants.

Supreme Court, Special Term, New York County, August 10, 1942.

*S. D. Smoleff,* for the plaintiff.

*William C. Chanler, Corporation Counsel [William C. Chanler, Jeremiah H. Evarts, William S. Lebwohl* and *Oren C. Herwitz* of counsel], for the defendants.

BENVENGA, J. The question presented on this motion for an injunction *pendente lite* is whether defendants Moses and Huie vacated their respective offices of commissioner of parks and commissioner of public works when they accepted appointments to positions on the city planning commission. The problem involves the construction of sections 531 and 895 of the New York City Charter, under which the appointments were concededly made. These sections should be read in the light of their history. To this I shall briefly refer.

Prior to 1934 there were five separate borough park commissioners. By chapter 2 of the Laws of 1934, the Greater New York Charter provision relating to the department of parks was amended generally. The mayor was authorized to appoint as commissioner

of parks an unsalaried State park commissioner and such commissioner was declared eligible to hold any other unsalaried office filled by appointment of the mayor. (Greater N. Y. Charter, § 607.) At that time, defendant Moses was chairman of the State council of parks, an unsalaried office. He also held other related unsalaried positions. The obvious purpose of the act of 1934, therefore, was to permit Moses to remain head of the State park system, become head of the city park department and hold other related unsalaried positions. But only in the capacity of city park commissioner did the defendant Moses receive a salary. In all other positions which he occupied, and which he subsequently accepted, including membership on the city planning commission, he received and is receiving no remuneration.

Shortly after the amendment to section 607 of the Greater New York Charter in 1934, the right of defendant Moses to hold other positions in addition to that of city park commissioner was challenged and judicially upheld. It was specifically held that section 607, as amended, " authorizes the present Park Commissioner to function in the several offices he now occupies, including his ex officio membership in the State Council of Parks." (*Dieppe Corp.* v. *City of New York*, N. Y. L. J., April 10, 1935, p. 1834, DORE, J.; affd., 246 App. Div. 279.)

This, then, was the state of the law at the time of the charter revision in 1938. The provisions of section 607, as amended, were carried into the new charter as section 531 — under which the defendant Moses was appointed. So far as pertinent, the new section 531 provides: " Nothing contained in section eight hundred and ninty-five or any other provision of law shall be construed to prevent the appointment to the office of commissioner of parks of an *unsalaried* state park commissioner, nor shall such commissioner of parks be ineligible to hold any other *unsalaried office* filled by the appointment of the mayor." (Italics supplied.)

The charter commission, at the same time, recommended the adoption of an amendment to section 1549 of the Greater New York Charter, which prohibited a city official from holding two offices at the same time, and declared that the acceptance of a second office, even though unsalaried, constituted a vacatur of the first office. (*Matter of Hulbert* v. *Craig*, 124 Misc. 273; affd., 213 App. Div. 865; affd., 241 N. Y. 525.) The old charter provision and the exception were thereupon incorporated in the new charter as section 895 — pursuant to which defendant Huie was appointed. So far as material, the new section 895 provides that any city official who shall, during his term of office, hold or accept any other office connected with the government of the city shall be deemed thereby

to have vacated the office previously held by him, *except* " that the mayor may accept, or may in writing authorize any other person holding office to accept, a specified civil office, *in respect to which no salary or other compensation is provided.* No person shall hold two city or county offices, *except as expressly provided in this charter or by statute;* nor shall any officer under the city government hold or retain an office under a county government, except when he holds such office ex officio by virtue of an act of the legislature, and in such case shall draw no salary for such ex officio office." (Italics supplied.) (*Cf.* § 531, quoted *supra.*)

It would seem that, under this amendment and exception, the mayor is authorized to remove the restriction contained in the old charter against the holding of more than one office by city officials. The only limitation or condition imposed is that no salary or other compensation shall be provided for the second office.

Concededly, when the defendants accepted appointments to the city planning commission, the budget was amended and the salary provisions for the positions to which the defendants were appointed were eliminated. No salary is now or has ever been provided for the defendants either by law or in the budget. Accordingly, within the meaning of sections 531 and 895 under which the appointments were made, the positions which the defendants occupy on the city planning commission are " unsalaried offices " or " offices in respect to which no salary or other compensation is provided." The appointments, therefore, are authorized and lawful.

It is contended, however, that membership on the city planning commission is incompatible with the offices of commissioner of parks and commissioner of public works, and that, by accepting membership on the city planning commission, the defendants vacated their respective offices of commissioner of parks and commissioner of public works. In support of this contention, the plaintiff relies upon the well settled common-law principle that the acceptance of an incompatible office operates as an immediate vacatur of the office previously held. (*Matter of Hulbert, supra; Metzger v. Swift,* 258 N. Y. 440.)

Assuming, but not conceding, that membership on the city planning commission is incompatible with the offices of commissioner of parks and commissioner of public works, the fact is that the Legislature has, by clear and unequivocal language, manifested its intention to abrogate the common-law principle to the extent of permitting the mayor to appoint, and the defendants to accept, membership on the city planning commission. The wisdom of the change in policy is not for the courts. That was a matter for the Legislature. The duty of the court is merely to ascertain and give

effect to the legislative intent. (*Spencer* v. *Myers*, 150 N. Y. 269, 274, 275; *Archer* v. *Equitable Life Assurance Society*, 218 id. 18, 22.) For these reasons, " the rule of incompatibility, which is purely a court made rule, has no place in a jurisprudence where the statutes declare the rules of eligibility to public office, the conditions under which it may be held, and the grounds for which and the terms under which it may be declared vacated." (*People on Complaint of Chapman* v. *Rapsey*, —— Cal. App. [2d] ——; 96 P. [2d] 1000, 1003.)

True, section 881 of the New York City Charter requires the head of a department to give his whole time to his duties, and prohibits him from engaging in any other occupation, profession or employment. But this provision should be read in connection with sections 531 and 895, under which the appointments were made. When so read, it is clear that the prohibition of section 881 is not directed against these defendants. Moreover, it is only directed against private, as distinguished from public, employment.

It is true also that section 194 of the New York City Charter provides that the salary of a chairman or of any other member of the commission shall not be reduced during his term of office. But it is to be borne in mind that only the salary of the chairman is fixed by statute. The salaries of the other members are not so fixed, nor is provision for salaries made in the budget. The only purpose of section 194 is to prohibit a reduction in salary of the chairman and other members of the commission during their terms of office — if any salary is provided for them either by law or in the budget.

Whatever may be the technical differences between a salaried office and an unsalaried office, and irrespective of whether the functions of defendants, as members of the city planning commission, are incidental to their other offices, and irrespective also of whether these functions are merely advisory in nature, the fact is that the charter authorizes the mayor to appoint, and permits the defendants to accept, membership on the city planning commission. This was the purpose and intent of sections 531 and 895. Such purpose and intent must be given effect, and enforced by the courts.

Accordingly, the motion for a preliminary injunction is denied, and the cross-motion to dismiss the complaint is granted, without costs.