In the Matter of ALEXANDER KORAL, Petitioner, against BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, New York County, January 16, 1950.

*Leo Praeger* for petitioner.

*John P. McGrath, Corporation Counsel (Michael A. Castaldi* and *Morris Weissberg* of counsel), for respondent.

*Emanuel Redfield* for American Civil Liberties Union, *amicus curiæ.*

*Pressman, Witt & Cammer* for United Public Workers of America, C.I.O., *amicus curiæ.*

*Zelman & Zelman* for Teachers Union, Local 555, *amicus curiæ.*

PECORA, J. In this proceeding pursuant to article 78 of the Civil Practice Act for an order directing the board of education of the city of New York to rescind petitioner's dismissal as assistant mechanical engineer and to reinstate him in such position, the essential facts are not in dispute.

On August 9, 1948, petitioner, pursuant to a subpœna served upon him, appeared with counsel in Washington, D. C., at a hearing being conducted by the Committee on Un-American Activities of the House of Representatives. After having been sworn, petitioner was asked various questions as to whether he was a member of the Communist party, and whether he had performed or participated in certain acts of espionage upon the Government of the United States for or in behalf of Soviet Russia. Petitioner refused to answer such questions, claiming his constitutional privilege against self incrimination.

On August 11, 1948, the president of the board of education requested the advice of the law department of the city of New York as to the legal effect of petitioner's claim of privilege. Following receipt of a response by the corporation counsel, the board of education obtained a transcript of petitioner's testimony before the Congressional Committee.

By letter, dated September 29, 1948, the superintendent of schools notified petitioner that his refusal to answer questions and his claim of privilege before the Committee on Un-American Activities constituted a violation of the provisions of section 903 of the New York City Charter; and consequently, in accordance with that section, the board of education was terminating petitioner's employment and declaring his position vacant. Thereafter the board of education, by resolution, duly ratified the action of the superintendent of schools in terminating petitioner's employment.

Section 903 of the New York City Charter, insofar as applicable here, provides: *"Failure to testify.*— If any    *    *    * officer or employee of the city shall, after lawful notice or process, wilfully refuse or fail to appear before any court or judge, any legislative committee, or any officer, board or body authorized to conduct any hearing or inquiry, or having appeared shall refuse to testify or to answer any question regarding the property, government or affairs of the city or of any county included within its territorial limits,    *    *    * on the ground that his answer would tend to incriminate him *    *    *    his term or tenure of office or employment shall terminate and such office or employment shall be vacant    *    *    *.*"*

Petitioner contends that he was an employee of the board of education, and not of the city of New York, and that therefore section 903 is inapplicable to him. Further, that the failure of the board of education to afford petitioner a hearing upon charges deprived him of his rights under the Education Law. Moreover, petitioner urges that even if section 903 is applicable, it was not intended to include within its scope a hearing before a committee of the Congress of the United States on matters not affecting the official conduct of petitioner as an employee of the board of education of the city of New York.

I hold that petitioner was an employee of the City of New York within the meaning of section 903 of the New York City Charter. Cases like *Gunnison* v. *Board of Education of City of N. Y.* (176 N. Y. 11); *Matter of Fleischmann* v. *Graves* (235 N. Y. 84) and *Matter of Divisich* v. *Marshall* (281 N. Y. 170), relied upon by petitioner, contain language to the effect that it is the policy

of the State to divorce matters of education from municipal affairs and to vest the functions of education in separate public corporations free from municipal control. However, as stated in *Matter of Hirshfield* v. *Cook* (227 N. Y. 297, 304) the board of education " is subject to municipal control in matters not strictly educational or pedagogic "; and it was there held that an employee of the board of education could be compelled to attend and be examined by the New York City commissioner of accounts (now commissioner of investigation). In *Matter of Kay* v. *Board of Higher Education of City of N. Y.* (260 App. Div. 9, leave to appeal denied 285 N. Y. 859), it was held that although the Board of Higher Education was a State agency, it was nevertheless an " agency " of the city within the meaning of subdivision a of section 394 of the New York City Charter which provides that the corporation counsel shall be the attorney " for the city and every agency thereof ".

In *Matter of Goldway* v. *Board of Higher Education of City of N. Y.* (178 Misc. 1023) the court rejected the precise contention advanced here by the petitioner. There Goldway, an assistant teacher in the Board of Higher Education, declined to sign a waiver of immunity at a public hearing before the State Legislative Committee to Investigate the Schools. The court upheld the Board of Higher Education in terminating Goldway's employment pursuant to section 903 of the New York City Charter. Mr. Justice HOFSTADTER there said (p. 1025): " It is obvious that section 903 is intended to be all inclusive; to relate to all employees of the city or any of its agencies paid out of funds of the city treasury." (See, also, *Matter of Ferdinand* v. *Moses*, 26 N. Y. S. 2d 382, affd. 262 App. Div. 1001, leave to appeal denied 287 N. Y. 854; *Metzger* v. *Swift*, 258 N. Y. 440.)

Section 903 of the New York City Charter, insofar as it effects a termination of employment, is self-executing. The fact of the employee having claimed his privilege against self incrimination not being in dispute, there is no necessity for notice or a hearing. No provision is made in section 903 for a determination whether the act which results in a vacatur of the office has in fact been committed. Perhaps this is because such acts are usually matters of public record or otherwise capable of ascertainment beyond dispute. Certainly in the instant case there is no question of the commission of the act. It is not denied that petitioner refused to answer questions before the House Committee on Un-American Activities on the ground of self incrimination.

Under section 903, the public employment of a person thus refusing to answer " automatically ceases ". (*Matter of Withrow* v. *Joint Legislative Committee,* 176 Misc. 597.) In *Canteline* v. *McClellan* (282 N. Y. 166) it was held that section 6 of article I of the New York State Constitution, which provides that public officers who refuse to waive immunity when called to testify before a grand jury as to their official conduct thereby vacate their office, was self-executing.

There are numerous situations where the mere doing of an act results in a vacatur of office without the necessity of further hearing or determination. Thus, accepting another office while serving the city, results in vacating the city office held. (*Matter of Hulbert* v. *Craig,* 124 Misc. 273, affd. 213 App. Div. 865, affd. 241 N. Y. 525; *Metzger* v. *Swift,* 231 App. Div. 598, 233 App. Div. 827, revd. 258 N. Y. 440, *supra.*) So, too, an office becomes vacant when the incumbent is adjudicated insane or is convicted of a felony (*Matter of Piani* v. *Davidson,* 240 App. Div. 383; *Matter of Obergfell,* 239 N. Y. 48); or upon failure to file an official oath of office or an undertaking as prescribed by statute (*Ginsberg* v. *City of Long Beach,* 286 N. Y. 400).

While section 2523 of the Education Law, provides that a regular employee of the board of education may not be dismissed without a hearing, that section must be read with section 903 of the New York Charter. Both statutes are products of the State Legislature. The provisions of the Education Law may be considered as a general statute, while those in the charter as dealing with vacatur of office for a particular cause. I hold that there is no inconsistency in these statutes, for with respect to the subject matter covered by section 903 of the New York City Charter, that section supersedes and overrides the provisions of the Education Law requiring a hearing on charges. Such a conclusion seems reasonable in view of the nature of the causes for vacatur embodied in section 903. Any requirement for a hearing under section 903, where the facts are not disputed, would be merely the imposition of a useless formality. Even before this court the petitioner admits the correctness and authenticity of the record of his examination before the Congressional Committee upon which the respondent acted. Section 903 was enacted after section 2523 of the Education Law. It should be assumed that the Legislature in enacting the later statute realized that it was curtailing rights given under the former.

Petitioner urges that section 903 of the New York City Charter, concerning only investigations affecting the official conduct

of an employee relating to the property, government and affairs of the city of New York, was not intended to include within its scope a hearing before a Special Committee of the House of Representatives on Un-American Activities. I disagree with that contention. A public employee's official conduct must at all times conform to the obligation of loyalty to the Government. The assumption of such an obligation is mandatory. The Constitution of the United States (art. VI, par. 3) and the Constitution of the State of New York (art. XIII, § 1) require public officers and employees, as a condition of their appointment, to take and file an oath to support and defend the Constitution. Petitioner took an oath upon his appointment (pursuant to Civil Service Law, § 30) to support the Constitutions of the United States and the State of New York. The public policy of this State with respect to the duty of loyalty to the Government, is expressed in certain statutes which provide that an employee may be removed for disloyalty. Thus a public employee shall be removed for treasonable or seditious acts or utterances (Civil Service Law, § 23-a), or for subversive activities (Civil Service Law, § 12-a). Similar provisions are contained in section 3021 of the Education Law. The questions directed to petitioner by the Congressional Committee, which he declined to answer, concerned espionage activities by him. Spying on the Government is incompatible with an obligation of loyalty to that Government. No judicial reasoning with any semblance of logic could justify a holding that a question as to whether a civil employee spied on his Government was not an inquiry into his official conduct. The interrogation regarding acts of espionage is sufficient to stamp the Congressional inquiry into petitioner's conduct as one involving his official activity, without considering the additional argument made by respondent that the questions concerning petitioner's past and present membership in the Communist party also involved his " official conduct ". It has been maintained recently in other forums that the Communist party is an organization which advocates the overthrow of the Government by force or other unlawful means. It is not necessary for this court to base its decision in the instant case upon that proposition. However, petitioner's refusal to answer questions regarding his membership in the Communist party on the ground of self incrimination, would seem to be a tacit admission that in his judgment the Communist party is a subversive organization. Abundantly clear, in any event, is the fact that the questions asked of the petitioner before the Congressional Committee concerned his official con-

duct and that section 903 of the New York City Charter was correctly applied by respondent.

The petitioner's claim of violation of his constitutional rights has been fully examined. In my opinion there is no basis for such contention.

The motion is, therefore, denied and the petition is dismissed. Settle order.