THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. FRANK J. ENGEL, ADRIAN B. COCKERILL, BARNET QUART, LOUIS PODELL, JOSEPH CHERTOFF and PILGRIM PAINT PRODUCTS, INC., Defendants.

Court of General Sessions of County of New York, January 23, 1951.

*Christopher C. McGrath* and *Frederick Mortati* for Frank J. Engel and another, defendants.

*Joseph S. Gershman* and *Abraham J. Gellinoff* for Barnet Quart, defendant.

*Neilson Olcott, Norman Roth* and *John T. Norton* for Pilgrim Paint Products, Inc., and others, defendants.

*Frank S. Hogan, District Attorney* (*Richard G. Denzer, William Hoppen* and *Charles W. Manning* of counsel), for plaintiff.

VALENTE, J. An indictment has been returned by the Grand Jury of this county charging the defendants with the crime of conspiracy and with violation of section 896 of the New York City Charter.

The defendants demur to the indictment upon the grounds that the conspiracy count of the indictment, in charging more than one crime, contravenes the provisions of sections 278 and 279 of the Code of Criminal Procedure and that the facts set forth in counts second to fifth of the indictment do not constitute a crime.

A conspiracy contemplates a corrupt agreement or combination between two or more persons, and section 580 of the Penal Law provides that if such persons conspire to do any of the things set forth in subdivision one through six thereof, they are guilty of a misdemeanor.

Counsel urge that a charge of conspiracy can be predicated on but one of the subdivisions of section 580 of the Penal Law and each additional subdivision relied on must be charged as a separate conspiracy. They contend that since the first count charging conspiracy is based on several subdivisions of section 580 of the Penal Law, it charges more than one crime of conspiracy.

This claim is untenable.

Section 278 of the Code of Criminal Procedure provides that an indictment *must* charge but one crime and in one form except when it may be committed by different means and except as provided in section 279. We are not concerned here with the exceptions.

Turning to the conspiracy count, we find it alleges an agreement entered into by these defendants, the object of which was to defraud the City of New York. It alleges that they committed the crime of conspiracy by combining with each other: to violate section 896 of the New York City Charter — this provision deems any employee of the city who shall willfully violate any provision of his office or employment or commit any fraud upon the city, guilty of a misdemeanor; to cheat and defraud another out of property, and to commit acts injurious to public morals, trade and commerce and the due administration of the laws. Thus, we have a charge of conspiracy based upon subdivisions one, four and part of subdivision six of section 580 of the Penal Law which makes it a misdemeanor if two or more persons conspire:

" 1. To commit a crime;   *   *   *

" 4. To cheat and defraud another out of property, by any means which are in themselves criminal, or which, if executed, would amount to a cheat, or to obtain money or any other property by false pretenses;   *   *   *

" 6. To commit any act injurious to the public health, to public morals, or to trade or commerce, or for the perversion or obstruction of justice, or of the due administration of the laws ".

The facts alleged in this count attribute but one crime to these defendants, viz., the crime of conspiracy. The gist of this crime is not in the doing of any of the things set forth in the subdivisions of section 580 of the Penal Law but in the agreement to do any of them. This agreement constitutes but a single act and the commission of any one or more of the items prohibited, establishes but one crime of conspiracy.

Where an offense may be committed by doing any one of several things, the indictment may, in a single count, group them together and charge the defendants with having committed them all, and a conviction may be had on proof of the commission of any one of the things without proof of the commission of the others. (*People* v. *Davis,* 56 N. Y. 95; *Bork* v. *People,* 91 N. Y. 5. See, also, *People* v. *Everest,* 51 Hun 19.)

The demurrer to the first count of the indictment is overruled.

The defendants' demurrer to the remaining counts of the indictment is on the claim that since the defendants Engel, Cockerill and Quart, holding positions under the board of education, are not " employee[s] of the city " within the meaning of section 896 of the New York City Charter, they cannot, therefore, be properly charged or convicted of a violation of

that section and that the other defendants, accordingly, cannot be properly charged or found guilty as aiders and abbettors.

The defendants contend that in performing the acts alleged in the indictment, they were acting, not as employees of the City of New York but as employees of the board of education of the city of New York, an entity separate and distinct from the City of New York.

It is unquestionably true that the board of education of the city of New York is a creature of State legislation, a separate corporation, which may sue and be sued and that the city may not interfere with or control the policies of the board in *educational* and *instructional* matter. (See *People ex rel. Elkind* v. *Rosenblum,* 184 Misc. 916, affd. 269 App. Div. 859, affd. 295 N. Y. 929; *Matter of Divisich* v. *Marshall,* 281 N. Y. 170, and *Matter of Fleischmann* v. *Graves,* 235 N. Y. 84.)

However, part of its administration is committed to the city and as to this function, the Court of Appeals stated in unmistakable language in *Matter of Hirshfield* v. *Cook* (227 N. Y. 297, 304) that the board of education " is subject to municipal control in matters not strictly educational or pedagogic ", holding that an employee of the board of education could be compelled to attend and be examined by the New York City commissioner of accounts. (See, also, *Matter of Kay* v. *Board of Higher Educ. of City of N. Y.,* 260 App. Div. 9, 260 App. Div. 912, motion for leave to appeal denied 285 N. Y. 859.)

The very point raised by this demurrer has been determined in two recent cases before the Supreme Court. In *Matter of Koral* v. *Board of Educ. of City of N. Y.* (197 Misc. 221) Mr. Justice Pecora held that the petitioner, an assistant mechanical engineer in the board of education of this city, was an employee of the City of New York within the meaning of section 903 of the New York City Charter which terminates the employment of any city employee willfully refusing or failing to testify before any court or legislative committee.

The ruling in that case is amply fortified by the authority of such cases as *Metzger* v. *Swift* (258 N. Y. 440) and *Lewis* v. *Board of Educ. of City of N. Y.* (258 N. Y. 117).

No distinction can be made between the facts here and the facts presented in the case of *Matter of Ferdinand* v. *Moses* (26 N. Y. S. 2d 382, affd. 262 App. Div. 1001) cited by Mr. Justice Pecora in *Koral* v. *Board of Educ. of City of N. Y. (supra)*. In the *Ferdinand* case *(supra)* the petitioner was employed as a station agent in the board of transportation and with others,

was indicted and charged with a conspiracy to steal revenues to which he pleaded guilty. Subsequently, the petitioner was summarily removed from his position. In an article 78 proceeding, he claimed that he was not a city employee within the meaning of the provisions of section 896 of the city charter (identical section involved here).

In overruling this contention, Mr. Justice EDER wrote (p. 384): " I think it admits of no doubt that the petitioners were city employees. It is true that the board of transportation is a State instrumentality but it is so only for the purpose of operating and managing the Independent Subway Sytem as the city's agent [citing cases]; its expenses are paid by the city; employees of the board are city employees, paid out of the city treasury; their service is city service and they are authorized to join in the city pension system because they are city employees."

The *Ferdinand* case (*supra*) is cited in *Matter of Goldway* v. *Board of Higher Educ. of City of N. Y.* (178 Misc. 1023) as authority for the application of the provisions of section 903 of the New York City Charter to a teacher in a public high school under the jurisdiction of the board of higher education.

The principal cases cited by the defendants to maintain their demurrer do not weaken in any way the authority of the cases examined in support of the proposition that the defendants are city employees within the meaning of section 896 of the New York City Charter.

Accordingly, the demurrer filed against counts two through five is overruled; the defendants are ordered to appear for pleading in Part One of this court on January 26, 1951.